FILED BY _____WB_____ D.C.

JUN 0 2 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-21595-AHS/TORRES

JOHNNY MOORE,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC;
TRANS UNION LLC; and
EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants.

_____/

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL WITNESSES, PRESERVATION DEMAND, AND CONTINUING DISCOVERY DISCLOSURES

Plaintiff Johnny Moore ("Plaintiff"), proceeding pro se, hereby files this Notice of Supplemental Witnesses, Preservation Demand, and Continuing Discovery Disclosures, and states as follows:

1. Plaintiff continues to identify additional witnesses, custodians, corporate representatives, analysts, investigators, and individuals possessing discoverable information relevant to the claims and defenses asserted in this action.

2. Ongoing investigation, review of archived materials, consumer disclosures, frozen-file records, fraud alerts, dispute records, account-servicing communications, dissemination activity, and third-party communications have substantially expanded the factual scope of the matters at issue in this litigation.

3. The continuing investigation has revealed additional information relating to, among other things:
   a. identity-theft events;
   b. mixed-file contamination;
   c. inaccurate and false reporting activity;
   d. dissemination of consumer-report information;
   e. account lineage and evolving account identifiers;
   f. suppression and frozen-file activity;
   g. reinvestigation procedures and dispute handling;
   h. ACDV transmissions and furnishing activity;

      i. repeated reinsertion activity;

      j. disputed inquiry activity;

      k. promotional APR inconsistencies;

      l. replacement-card activity;

      m. historical account servicing chronology;

      n. inaccurate criminal-record reporting activity;

      o. dissemination irregularities;

      p. and continuing inaccuracies extending beyond Defendants' asserted two-year limitation theory.

4. Plaintiff further states that discovery continues to reveal records and communications dating back to at least 2017 involving disputed tradelines, dissemination events, account transfers, account suppression activity, evolving account identifiers, and historical reporting inconsistencies.

5. Plaintiff additionally states that certain witnesses identified below possess information concerning inaccurate criminal-record reporting events and related consumer-file issues allegedly affecting multiple consumers during relevant periods.

6. Plaintiff further possesses recorded communications relevant to several of the matters described herein.

7. Plaintiff again requests preservation of all electronically stored information ("ESI"), records, logs, archival systems, frozen-file records, dissemination records, suppression records, reinvestigation records, and related materials associated with Plaintiff's consumer files and disputed tradelines from 2017 through present.

8. Without limitation, Plaintiff specifically requests preservation of:

      a. frozen scans;

      b. dissemination logs;

      c. audit trails;

      d. suppression records;

      e. account lineage records;

      f. dispute histories;

      g. reinvestigation records;

      h. ACDV transmissions;

      i. archival business records;

      j. internal account maintenance records;

      k. vendor-facing and consumer-facing frozen-file views;

      l. historical transmission data;

      m. inquiry lineage records;

      n. access logs;

      o. account ownership history;

      p. and all records relating to disputed accounts and inquiry activity associated with Plaintiff's consumer profile.

9. Plaintiff further provides notice that discovery and investigation remain ongoing and Plaintiff expressly reserves all rights to supplement disclosures, amend pleadings, identify additional witnesses, seek additional discovery, issue subpoenas, request depositions, and seek further relief from the Court as appropriate.

**PRELIMINARY IDENTIFIED INDIVIDUALS AND POTENTIAL WITNESSES**

10. Plaintiff presently identifies the following individuals as persons potentially possessing discoverable information relevant to the claims, defenses, account histories, dissemination activity, identity-theft events, reinvestigation procedures, consumer disclosures, reporting activity, suppression activity, frozen-file issues, damages, or related matters alleged in this action:

**a. Rebecka Guilfoyle** – Original registered owner associated with Toyota Prius vehicle records and related history.

**b. Joe Rado** – Bank of America Corporate representative with knowledge concerning account servicing, promotional APR structures, account chronology, collections activity, account closure history, and related servicing activity.

c. Naveena Tati – Bank of America representative associated with servicing, disputes, or account communications.

d. Silvia Martinez – Bank of America representative associated with collections, servicing, or dispute handling.

e. Dan Boozer – PenFed Corporate Vice President with potential knowledge regarding furnishing activity, account ownership, reporting practices, and servicing activity.

f. Kaiwalya Boralkar – PenFed representative associated with reporting or dispute handling activity.

g. Abunto Adeliza – JPMorgan Chase Bank representative associated with account reporting or dispute handling activity.

h. Hiremath Jairaj – Discover Card representative associated with account reporting, servicing, or dispute activity.

i. Nayak Aman – PenFed representative associated with furnishing or dispute handling activity.

j. Monica Bhalerao – JPMorgan Chase Bank representative associated with reporting or dispute activity.

k. Harshal Ambade – Discover Card representative associated with servicing or reporting activity.

l. Gagan Prasad – PenFed representative associated with reporting or dispute handling.

m. Sonali Naik – Bank of America representative associated with servicing, collections, or reporting activity.

n. Michelle Monarez – Bank of America representative associated with collections, servicing, or dispute handling.

o. Trans Union Representative(s) – To Be Identified; individuals associated with dispute handling, dissemination records, reinvestigation procedures, suppression activity, frozen-file maintenance, and consumer disclosures.

p. Experian Representative(s) – To Be Identified; individuals associated with dispute handling, dissemination activity, inquiry records, reinvestigation procedures, suppression activity, and file maintenance.

q. Equifax Representative(s) – To Be Identified; individuals associated with frozen scans, dispute handling, dissemination records, reinvestigation procedures, suppression activity, and consumer-file maintenance.

r. Frankie Whitehorn – Seminole County Clerk of Court Supervisor with potential knowledge concerning court-record handling and related record-processing activity.

s. Patty Last Name Redacted – Seminole County Clerk Comptroller Supervisor with knowledge concerning administrative procedures and record processing.

t. Mirlanda Last Name Redacted– Seminole County Deputy Clerk associated with clerk-record administration and handling.

u. Nuon Jean  – Port St. Lucie Deputy Clerk associated with clerk-record handling and administrative activity.

v. Donna (Last Name Redacted) – Port St. Lucie Clerk ( Will give a statement on false criminal reporting affected hundred's during the time when I was alerted and all were minorities, she stated that the CRA's are aware but claim they don't know how it happened. I also have a recording of this conversation.

w. Danielle Phillips – Security Credit Services representative associated with debt collection, dissemination activity, or consumer reporting matters.

x. Alexis Denuccio – Caine & Weiner representative associated with collection activity, reporting communications, or dispute handling.

11. Plaintiff reserves all rights to supplement, amend, revise, add, correct, clarify, or remove witness identifications and disclosures as discovery continues, including through subpoena responses, depositions, supplemental productions, third-party discovery, expert disclosures, archival records, and ongoing investigation.

DATED: June 2nd 2026

Respectfully submitted,

Johnny Moore
Pro Se Plaintiff