

FILED BY____*MB*____D.C.

JUN 02 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-21595-AHS

JOHNNY MOORE,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and
EQUIFAX INFORMATION SERVICES LLC,

Defendants.

_____/

### PLAINTIFF'S MOTION TO COMPEL COMPLETE RESPONSES TO PLAINTIFF'S FIRST AND SECOND SET OF INTERROGATORIES

Plaintiff Johnny Moore, proceeding pro se, pursuant to Rules 33 and 37 of the Federal Rules of Civil Procedure, respectfully moves this Court for an Order compelling Defendants Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services LLC to provide complete and non-evasive responses to Plaintiff's First Set of Interrogatories and states:

## I. INTRODUCTION

Defendants have collectively served interrogatory responses that are largely comprised of boilerplate objections, generalized relevance objections, blanket statute-of-limitations objections, improper Rule 33(d) references, and refusals to conduct reasonable searches for responsive information.

Rather than providing substantive responses, Defendants repeatedly:

a. limit discovery to an arbitrarily selected two-year period;

b. refuse to search for responsive information;

c. rely on generalized objections without factual support;

d. invoke Rule 33(d) without identifying specific responsive Bates-numbered documents;

e. refuse to identify responsible personnel, custodians, investigators, auditors, or decision-makers;

f. refuse to provide meaningful information concerning dispute handling, reinvestigation procedures, dissemination activity, account-lineage issues, identity-theft handling, suppression activity, and consumer-file maintenance.

The responses prevent Plaintiff from obtaining information central to the claims and defenses in this action.

## II. DEFENDANTS IMPROPERLY ATTEMPT TO UNILATERALLY RESTRICT DISCOVERY

A recurring objection throughout Defendants' responses is the assertion that discovery must be limited to a two-year period preceding the filing of the Complaint.

For example, Equifax expressly states:

"A two-year statute of limitations applies to Plaintiff's claims in this case. Consequently, for purposes of responding to the Interrogatories, Equifax will consider the relevant time period to be April 7, 2023 through April 7, 2025."

Defendants cannot unilaterally decide disputed statute-of-limitations issues through discovery objections.

This case involves disputed issues concerning:

• equitable tolling;

• continuing dissemination of consumer information;

• reinsertion activity;

• identity theft;

• mixed-file contamination;

• suppressed disclosures;

• frozen-file records;

• account lineage reconstruction;

• historical dispute activity.

The discovery sought is directly relevant to these issues.

## III. IMPROPER REFUSAL TO SEARCH

Multiple interrogatory responses state that Defendants "have not searched" for responsive information.

Examples include Equifax's responses to Interrogatory Nos. 2, 6, 7, 9, 10, 12, 13, 15, 16, and 17.

A party cannot avoid discovery obligations by asserting objections and then refusing to conduct a reasonable search for responsive information.

The Court should require Defendants to conduct reasonable searches and provide complete responses.

## IV. IMPROPER RULE 33(d) RESPONSES

Defendants repeatedly invoke Rule 33(d) and direct Plaintiff to broad document productions.

However, Defendants do not identify:

• specific Bates pages;

• specific custodians;

• specific repositories;

• specific records responsive to each interrogatory.

Rule 33(d) requires sufficient specificity such that the requesting party can locate the information as readily as the responding party.

General references to document productions are insufficient.

## V. DEFENDANTS' RESPONSES ARE EVASIVE AND NONRESPONSIVE

Numerous interrogatories seek information concerning:

• dispute investigations;

• personnel involved in Plaintiff's disputes;

• dissemination activity;

• compliance procedures;

- audits;

- preservation practices;

- identity-theft handling;

- consumer-file management.

Rather than answering, Defendants repeatedly assert:

- vagueness objections;

- proportionality objections;

- confidentiality objections;

- statute-of-limitations objections;

- assertions that they are not furnishers.

These objections are frequently unsupported and are used in lieu of substantive responses.

## VI. INFORMATION SOUGHT IS RELEVANT

The requested information is relevant to Plaintiff's claims under the Fair Credit Reporting Act, including but not limited to:

15 U.S.C. § 1681b;

15 U.S.C. § 1681e(b);

15 U.S.C. § 1681g;

15 U.S.C. § 1681i.

The requested information concerns how Defendants:

- handled disputes;

- maintained Plaintiff's consumer file;

- disseminated consumer information;

- investigated disputed information;

- maintained account histories;

- processed identity-theft information;

- preserved records.

These subjects go directly to the claims and defenses in this action.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Compel Defendants to provide complete supplemental responses to Plaintiff's First Set of Interrogatories;

B. Require Defendants to conduct reasonable searches for responsive information;

C. Require Defendants to identify specific Bates pages for any response relying on Rule 33(d);

D. Overrule unsupported boilerplate objections;

E. Require Defendants to identify responsive personnel, custodians, repositories, and decision-makers;

F. Require Defendants to provide responses extending beyond the arbitrarily selected two-year period to the extent relevant to tolling, continuing violations, identity theft, mixed-file issues, reinsertion activity, and account-lineage evidence;

G. Award such further relief as the Court deems just and proper.

Respectfully submitted,

JOHNNY MOORE
Plaintiff, Pro Se

Dated: June 2nd 2026