

FILED BY _____ *UMB* _____ D.C.

JUN 0 2 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-21595-AHS/TORRES

JOHNNY MOORE,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC;
TRANS UNION LLC; and
EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants.

_____/

## PLAINTIFF'S NOTICE REGARDING PRESERVATION OF EVIDENCE, IMMEDIATE FORENSIC INSPECTION, AND CONTINUING DISCOVERY CONCERNS

Plaintiff Johnny Moore ("Plaintiff"), proceeding pro se, hereby files this Notice Regarding Preservation of Evidence, Immediate Forensic Inspection, and Continuing Discovery Concerns, and states as follows:

1. During the course of discovery, Plaintiff has identified substantial inconsistencies concerning historical data retention, unavailable archival records, fragmented account histories, incomplete productions, disputed dissemination activity, missing historical reporting records, and repeated refusal-to-search responses involving materials directly relevant to the claims and defenses in this action.

2. Plaintiff further states that discovery has revealed significant issues concerning:
   a. historical account-lineage reconstruction;
   b. frozen-file activity;
   c. suppression activity;
   d. dissemination logs;
   e. audit trails;
   f. account-status transmission history;
   g. dispute-history records;
   h. reinvestigation activity;
   i. Metro 2 transmission activity;
   j. historical inquiry activity;

k. historical account servicing chronology;

l. archival business-record accessibility;

m. backend system records;

n. frozen scans;

o. and conflicting representations concerning the retention, accessibility, and availability of historical business records and consumer-report information.

3. Plaintiff further states that Defendants and/or associated furnishers have repeatedly asserted during discovery that certain historical records, account-level information, dissemination records, communications, archival business records, and transmission-history data:

a. no longer exist;

b. cannot be located;

c. were not retained;

d. are unavailable;

e. were not searched;

f. or are otherwise inaccessible.

4. At the same time, Plaintiff has identified evidence suggesting that various historical repositories, backend business-record systems, frozen-file systems, archival environments, dissemination-history systems, account-maintenance systems, and transmission-history repositories may still exist and/or remain accessible to analysts, investigators, litigation personnel, corporate representatives, furnishers, or other authorized personnel.

5. Plaintiff additionally states that ongoing discovery has revealed disputed and inconsistent representations concerning:

a. frozen scans;

b. suppression records;

c. dissemination records;

d. account-status histories;

e. historical reporting timelines;

f. archival retrieval capabilities;

g. backend account maintenance systems;

h. and historical consumer-report reconstruction activity.

6. Accordingly, Plaintiff hereby again requests immediate preservation of all electronically stored information ("ESI"), systems, repositories, archives, backups, logs, and records relating to Plaintiff's consumer files, disputed tradelines, dissemination activity, inquiries, account histories, and related reporting activity from 2017 through present.

7. Without limitation, Plaintiff specifically requests preservation of:

a. frozen scans;

b. dissemination logs;

    c. suppression records;
    d. audit trails;
    e. ACDV records;
    f. Metro 2 transmission records;
    g. dispute-history systems;
    h. reinvestigation records;
    i. archival business records;
    j. backend account-maintenance systems;
    k. historical transmission data;
    l. litigation-support repositories;
    m. internal notes;
    n. backup systems;
    o. overwrite schedules;
    p. deletion logs;
    q. retention policies;
    r. backup protocols;
    s. access logs;
    t. account-lineage records;
    u. inquiry-lineage records;
    v. vendor-facing and consumer-facing frozen-file views;
    w. and all related electronically stored information associated with Plaintiff's consumer profile and disputed accounts.

8. Plaintiff further requests preservation of all system-access records, deletion activity, retention schedules, archival policies, overwrite procedures, and related metadata associated with the foregoing systems and repositories pending further proceedings before this Court.

9. Plaintiff is presently evaluating the necessity of seeking additional relief from the Court, including but not limited to:
    a. preservation orders;
    b. additional discovery relief;
    c. evidentiary sanctions;
    d. forensic preservation measures;
    e. onsite inspection requests;
    f. and other relief the Court deems appropriate concerning the preservation, accessibility, and integrity of relevant electronically stored information and historical business records.

10. Plaintiff expressly reserves all rights to supplement this Notice and seek additional relief as discovery and investigation continue.

DATED: June 2nd 2026

Respectfully submitted,

Johnny Moore
Pro Se Plaintiff