FILED BY _____ U4B _____ D.C.

JUN 0 2 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-21595-AHS/TORRES

JOHNNY MOORE,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC;
TRANS UNION LLC; and
EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants.

_____/

**PLAINTIFF'S NOTICE REGARDING DISCOVERY SCOPE, EQUITABLE TOLLING,
AND CONTINUING VIOLATIONS**

Plaintiff Johnny Moore ("Plaintiff"), proceeding pro se, hereby files this Notice Regarding
Discovery Scope, Equitable Tolling, and Continuing Violations, and states as follows:

1. Plaintiff files this Notice to address Defendants' continuing attempts to artificially restrict
   the factual and discovery scope of this litigation to a two-year period preceding the filing
   of the Complaint.
2. Plaintiff objects to Defendants' unilateral limitation of discovery and claims to the period
   of April 7, 2023 through April 7, 2025.
3. This action involves disputed issues concerning, among other things:
   a. continuing dissemination activity;
   b. repeated reinsertion activity;
   c. mixed-file contamination;
   d. identity-theft events;
   e. frozen-file activity;
   f. suppression activity;
   g. fragmented and incomplete disclosures;
   h. disputed historical reporting activity;
   i. account-lineage reconstruction;
   j. historical dissemination records;
   k. reinvestigation procedures and dispute handling;

l. historical account-status chronology;

m. disputed inquiry activity;

n. and concealment and/or fragmentation of critical account and dissemination history.

4. Plaintiff specifically contends that equitable tolling under 15 U.S.C. § 1681p applies because substantial portions of the relevant historical information concerning Plaintiff's consumer files, dissemination activity, account lineage, suppression activity, reinsertion chronology, and identity-related issues were either concealed, fragmented, unavailable, inaccessible, suppressed, or only recently discoverable through ongoing discovery, archived records, frozen scans, recorded communications, CFPB productions, and independent investigation.

5. Plaintiff further states that recent discovery and investigation have uncovered substantial additional evidence dating back to at least 2017, including:

a. repeated fraud alerts;

b. identity-theft related events;

c. replacement-card activity;

d. evolving account identifiers;

e. disputed account-lineage activity;

f. frozen-file indicators;

g. dissemination events involving third-party entities;

h. historical reporting inconsistencies;

i. backend account-history discrepancies;

j. disputed reinvestigation chronology;

k. and conflicting representations concerning historical data retention, archival accessibility, and business-record availability.

6. Plaintiff further contends that violations, dissemination events, reinvestigation failures, suppression activity, inaccurate reporting, identity-related issues, and related conduct occurring from January 2019 through present remain directly relevant to Plaintiff's claims, damages, tolling arguments, discovery requests, and reconstruction of Plaintiff's historical consumer-file activity.

7. Additionally, during proceedings before the Honorable Judge Singhal on or about February 5, 2026, the broader factual scope implicated by the claims and ongoing discovery disputes was acknowledged in connection with the matters presently before the parties.

8. Plaintiff therefore objects to Defendants' repeated attempts to rely upon boilerplate statute-of-limitations objections to withhold discovery relevant to:

a. equitable tolling;

b. continuing violations;

c. dissemination chronology;

d. reinsertion activity;

e. historical account lineage;

     f. suppression records;

     g. frozen-file activity;

     h. identity-theft related events;

     i. backend reporting systems;

     j. and reconstruction of Plaintiff's historical consumer-file activity.

9. Plaintiff further reiterates his demand that Defendants preserve all relevant electronically stored information ("ESI"), archival repositories, frozen scans, dissemination logs, suppression records, audit trails, ACDV records, Metro 2 transmission data, dispute histories, internal notes, historical account-status records, and related business records from January 2019 through present.

10. Plaintiff reserves all rights to seek additional discovery relief, motions to compel, subpoenas, preservation orders, forensic preservation relief, evidentiary sanctions, supplementation of disclosures, amendment of pleadings, and any additional relief deemed appropriate by the Court as discovery continues.

DATED: June 2nd 2026

Respectfully submitted,

Johnny Moore
Pro Se Plaintiff