FILED BY\_\_\_MB\_\_\_D.C.

JUN 04 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-21595-SINGHAL/TORRES

JOHNNY MOORE,
Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,
Defendants.

_____/

**PLAINTIFF'S NOTICE OF CONTINUING DISCOVERY PREJUDICE, DEFENDANTS'
NON-RESPONSIVENESS, AND RESULTING IMPAIRMENT OF PLAINTIFF'S
ABILITY TO INVESTIGATE AND PROSECUTE THE ACTION**

Plaintiff Johnny Moore, proceeding pro se, respectfully files this Notice concerning ongoing
discovery prejudice arising from Defendants' repeated non-responsiveness and the practical
impact of the current communication limitations imposed during discovery, and states as follows:

1. During prior proceedings, Defendants represented to the Court that limitations
   concerning discovery communications were necessary due to the volume and nature of
   communications occurring between the parties.
2. Based upon those representations, the parties were directed to substantially limit
   non-emergency communications to designated periods occurring on or about the 15th and
   30th of each month.
3. Plaintiff has attempted in good faith to comply with the Court's directives and
   communication limitations.
4. However, despite Plaintiff's compliance with the restricted communication structure,
   Defendants have repeatedly failed to provide meaningful or substantive responses during
   the authorized communication periods.
5. Defendants have repeatedly failed to:
   a. provide deposition dates;
   b. meaningfully address discovery deficiencies;
   c. clarify incomplete productions;
   d. resolve document disputes;
   e. address missing archival and historical records;
   f. address missing dissemination logs;

g. address frozen-file and suppression materials;

h. address missing ACDV and dispute-history records;

i. and meaningfully engage in discovery coordination concerning electronically stored information directly relevant to Plaintiff's claims.

6. Plaintiff respectfully submits that Defendants' subsequent non-responsiveness has materially undermined the stated purpose of the communication limitations previously presented to the Court.

7. The practical effect of the present communication structure has been substantial delay, unresolved discovery disputes, impaired meet-and-confer efforts, deposition scheduling difficulties, and continuing prejudice to Plaintiff's ability to prepare this matter for the approaching discovery deadlines and trial schedule.

8. Plaintiff further respectfully submits that the present communication limitations have materially impaired Plaintiff's ability to timely investigate, verify, organize, and follow up on rapidly evolving discovery issues in this complex multi-defendant Fair Credit Reporting Act action.

9. This case involves extensive disputed issues concerning mixed-file contamination, identity-related reporting issues, reinsertion chronology, dissemination activity, account-lineage reconstruction, backend furnishing activity, suppression activity, disputed inquiry history, inaccurate collection reporting, and evolving discovery involving numerous furnishers, collectors, and third-party entities.

10. Plaintiff respectfully submits that many discovery issues in this matter are highly time-sensitive and require timely follow-up investigation, verification, clarification, and coordination with Defendants and third parties as discovery continues to evolve.

11. Plaintiff further respectfully submits that prolonged delays in communication and discovery coordination materially impair Plaintiff's ability to efficiently investigate evolving issues, preserve chronology, verify contradictory reporting history, identify responsible entities, and reconstruct fragmented historical reporting and dissemination activity.

12. Plaintiff further notes that many disputed issues require ongoing review and comparison of evolving productions, recorded communications, historical disclosures, reinvestigation records, archived materials, and newly discovered information obtained throughout discovery.

13. Plaintiff respectfully submits that restricting communications while substantial discovery disputes remain unresolved has materially slowed Plaintiff's ability to investigate and verify important issues central to the litigation and has increased the risk that important chronology details, investigative leads, inconsistencies, and verification opportunities may become more difficult to reconstruct over time.

14. Plaintiff further respectfully submits that the resulting prejudice falls disproportionately upon Plaintiff as a pro se litigant attempting to coordinate complex discovery against

multiple sophisticated corporate defendants represented by numerous law firms and corporate counsel.

15. Plaintiff further respectfully submits that this action does not involve merely isolated technical reporting issues or minor procedural disputes. Rather, the matters at issue have been profoundly life-changing and financially devastating to Plaintiff over a period spanning multiple years.

16. Plaintiff alleges that the disputed reporting activity, dissemination activity, mixed-file contamination, identity-related issues, reinvestigation failures, suppression activity, inaccurate furnishing chronology, and unresolved account-lineage issues have resulted in severe and continuing harm, including damage to Plaintiff's reputation, denial of credit opportunities, denial of vehicle financing, denial of housing-related opportunities, emotional distress, disruption of business opportunities, and substantial interference with Plaintiff's personal and financial life.

17. Plaintiff further respectfully submits that the evolving discovery in this matter continues to reveal additional disputed reporting chronology, fragmented account histories, inconsistent furnishing activity, unresolved dissemination issues, and conflicting representations concerning historical records and backend reporting activity requiring timely investigation and verification.

18. Plaintiff further notes that many unresolved discovery issues involve matters central to the litigation, including:

a. disputed dissemination activity;

b. mixed-file and identity-related issues;

c. reinvestigation procedures;

d. reinsertion chronology;

e. account-lineage reconstruction;

f. suppression activity;

g. backend furnishing activity;

h. historical reporting chronology;

i. disputed inquiry activity;

j. and disputed account-access history.

19. Plaintiff therefore respectfully submits that prolonged communication delays and unresolved discovery coordination difficulties materially prejudice Plaintiff's ability to

fully investigate and present claims involving substantial and ongoing damages rather than isolated technical inaccuracies.

20. Plaintiff therefore respectfully requests that the Court reconsider, clarify, or modify the present communication restrictions in order to facilitate meaningful discovery coordination, efficient investigation of evolving issues, timely deposition scheduling, and resolution of outstanding discovery disputes before the approaching discovery deadlines and trial schedule.

21. Plaintiff further reserves all rights concerning future requests for sanctions, evidentiary relief, motions to compel, forensic preservation relief, supplementation, and appellate review should the present discovery difficulties remain unresolved.

22. Plaintiff files this Notice respectfully and in good faith for the purpose of preserving the record concerning ongoing discovery prejudice and Defendants' repeated failure to meaningfully participate in discovery coordination.

Dated: June 4th 2026

Respectfully submitted,

Johnny Moore
Pro Se Plaintiff