

FILED BY____MB____D.C.

JUN 0 4 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-21595-CIV-SINGHAL/TORRES

JOHNNY MOORE,
Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,
Defendants.

_____/

**PLAINTIFF'S MOTION FOR TELEPHONIC DISCOVERY CONFERENCE
PURSUANT TO LOCAL RULE 26.1 AND REQUEST FOR JUDICIAL SUPERVISION
OF DISCOVERY SCHEDULING ISSUES**

Plaintiff Johnny Moore, proceeding pro se, respectfully moves this Court to schedule a brief
Telephonic Discovery Conference to address ongoing discovery coordination difficulties,
unresolved deposition scheduling issues, and outstanding production deficiencies materially
affecting the current pretrial schedule. In support thereof, Plaintiff states as follows:

1. Pursuant to the Court's prior directives, the parties have operated under a substantially
   restricted communication framework limiting non-emergency discovery communications
   to designated periods.
2. Plaintiff has attempted in good faith to comply with the Court's communication structure
   and to resolve discovery disputes without unnecessary Court intervention.
3. However, despite repeated meet-and-confer efforts during the authorized communication
   periods, the parties remain at a substantial standstill regarding multiple threshold
   discovery issues central to the litigation.
4. Specifically, unresolved issues presently include:
   a. Deposition Scheduling: Defendants have not provided sufficient available dates for
   corporate representative depositions and related discovery examinations, materially
   impairing Plaintiff's ability to complete oral discovery within the existing scheduling
   framework;
   b. Outstanding Electronic Discovery: Plaintiff continues to seek clarification and
   supplementation concerning missing or incomplete electronically stored information,
   including but not limited to ACDV history, reinsertion chronology, dissemination activity,
   suppression-related records, account-lineage materials, backend dispute-history records,

and related electronic data relevant to Plaintiff's claims;

c. Ongoing Discovery Coordination: The present communication limitations, combined with unresolved discovery disputes and delayed responses, have substantially impaired efficient coordination concerning evolving discovery issues in this multi-defendant Fair Credit Reporting Act action.

5. Plaintiff respectfully submits that many of the disputed discovery issues involve evolving chronology, historical reporting activity, identity-related issues, reinvestigation procedures, dissemination records, and backend furnishing activity requiring timely clarification and coordination as discovery progresses.

6. Plaintiff further respectfully submits that delays in communication and deposition coordination materially prejudice Plaintiff's ability to efficiently investigate, verify, organize, and prepare the case for the approaching discovery deadlines and trial schedule.

7. Plaintiff does not seek to burden the Court with extensive motion practice at this juncture. Rather, Plaintiff respectfully requests a brief telephonic conference under the Court's inherent case-management authority in order to:

a. establish a workable deposition schedule;

b. address ongoing discovery coordination issues;

c. clarify outstanding production disputes;

d. and facilitate orderly completion of discovery before the approaching deadlines.

8. Plaintiff respectfully submits that limited judicial supervision at this stage may substantially reduce future motion practice and promote efficient case management moving forward.

WHEREFORE, Plaintiff Johnny Moore respectfully requests that the Court schedule a brief Telephonic Discovery Conference at the Court's earliest convenience to address the foregoing issues and establish workable discovery coordination procedures moving forward.

Dated: June 4th, 2026
Riverview, Florida

Respectfully submitted,

/s/ Johnny Moore
Johnny Moore
Pro Se Plaintiff