

FILED BY_____WAB_____D.C.

JUN 04 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-21595-CIV-SINGHAL/TORRES

JOHNNY MOORE,
Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,
Defendants.

_____/

**PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' RESPONSES TO REQUESTS FOR ADMISSION AND TO COMPEL AMENDED RESPONSES**

Plaintiff Johnny Moore, proceeding pro se, respectfully moves pursuant to Federal Rule of Civil Procedure 36(a)(6) for an Order determining the insufficiency of Defendants' responses to Plaintiff's Requests for Admission and compelling amended responses. In support thereof, Plaintiff states as follows:

I. INTRODUCTION

This action concerns disputed credit reporting chronology, reinsertion activity, mixed-file contamination, inaccurate dissemination activity, account-lineage reconstruction, reinvestigation procedures, and backend reporting practices involving the national consumer reporting agencies.

Plaintiff served Requests for Admission directed toward core operational concepts central to Defendants' reporting systems, dispute-processing procedures, reinvestigation activity, audit records, and account-modification chronology.

Rather than provide substantive admissions or denials, Defendants repeatedly responded with boilerplate objections asserting that universally recognized industry terms and core reporting concepts were allegedly "vague," "ambiguous," "undefined," or incapable of admission or denial despite those concepts being foundational to Defendants' own reporting systems and business operations.

The responses fail to comply with Federal Rule of Civil Procedure 36 and improperly obstruct inquiry into matters directly relevant to Plaintiff's claims.

II. GOVERNING STANDARD

Federal Rule of Civil Procedure 36(a)(4) requires that a responding party specifically admit, deny, or state in detail why the party cannot truthfully admit or deny the matter after making a reasonable inquiry.

The Rule further requires that a denial fairly respond to the substance of the request and prohibits evasive or boilerplate responses designed to avoid straightforward admissions concerning matters within a responding party's own knowledge and operational systems.

Under Rule 36(a)(6), the Court may determine the sufficiency of answers and objections and may order amended responses where the original responses fail to comply with the Rule.

III. DEFENDANTS' RESPONSES ARE EVASIVE AND PROCEDURALLY DEFECTIVE

Defendants repeatedly objected to Requests for Admission concerning terms and concepts that are universally recognized within the consumer reporting industry and central to Defendants' own operations.

Examples include objections asserting that the following terms are allegedly "vague," "ambiguous," or "undefined":

a. "ACDV responses";

b. "Date of First Delinquency";

c. "Date of Last Payment";

d. "audit logs";

e. "change logs";

f. "reinserted";

g. "reporting dates";

h. "dispute-related data";

i. and "payment-related fields."

These objections are not credible in the context of this litigation.

Defendants are among the nation's largest Consumer Reporting Agencies. Their business operations, reinvestigation systems, Metro 2 reporting architecture, audit systems, dispute-processing infrastructure, and account-modification procedures fundamentally depend upon the interpretation and use of these exact terms, fields, and operational concepts.

The Requests concern core issues already directly placed at issue in this action, including:

a. reinsertion chronology;

b. re-aging activity;

c. dispute processing;

d. ACDV activity;

e. audit-trail existence;

f. account-lineage reconstruction;

g. backend reporting activity;

h. and modification of reporting chronology.

Despite this, Defendants repeatedly responded as though they lacked the ability to understand basic operational terminology central to their own systems and institutional knowledge.

IV. THE RESPONSES FAIL TO FAIRLY RESPOND TO THE SUBSTANCE OF THE REQUESTS

Rather than admit, deny, or meaningfully explain their inability to respond after reasonable inquiry, Defendants repeatedly relied upon generalized boilerplate objections and conclusory assertions of vagueness.

Numerous responses further state that Defendants are unable to admit or deny matters concerning their own audit systems, reporting architecture, dispute-processing systems, and reporting chronology despite such matters being squarely within Defendants' possession, custody, control, and institutional knowledge.

Additionally, several responses appear procedurally defective because Defendants object and respond as though the Requests were directed toward furnishers rather than Consumer Reporting Agencies, despite the Requests being directed specifically toward Defendants' own reporting systems, reinvestigation procedures, audit records, and internal reporting activity.

Rule 36 does not permit sophisticated corporate defendants to evade straightforward operational questions through generalized boilerplate objections, unsupported vagueness assertions, or conclusory claims of insufficient information concerning matters central to their own reporting systems and business operations.

## V. GOOD FAITH CONFERENCE

Plaintiff has attempted in good faith to resolve discovery disputes and deficiencies without unnecessary Court intervention through ongoing meet-and-confer efforts conducted within the communication framework presently governing the parties.

Despite those efforts, the parties remain unable to resolve the insufficiency of Defendants' responses.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. determine that Defendants' objections and responses are insufficient under Rule 36;

b. order Defendants to serve amended responses fully complying with Rule 36;

c. require Defendants to admit, deny, or specifically explain after reasonable inquiry why they cannot admit or deny the Requests;

d. overrule improper boilerplate vagueness objections directed toward foundational consumer-reporting terminology;

e. award such additional relief as the Court deems just and proper;

f. and grant any further relief necessary to facilitate efficient discovery moving forward.

Dated: June 4th, 2026
Riverview, Florida

Respectfully submitted,

/s/ Johnny Moore
Johnny Moore
Pro Se Plaintiff