

FILED BY _____ D.C.

JUN 0 8 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-21595-CIV-SINGHAL/TORRES**

JOHNNY MOORE,
Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and
EQUIFAX INFORMATION SERVICES LLC,
Defendants.

_____/

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LIMITED RELIEF REGARDING CONTINUED REPORTING OF DISPUTED PENFED TRADELINE

Plaintiff Johnny Moore, proceeding pro se, respectfully submits this Memorandum of Law in support of his Motion for Limited Relief Regarding Continued Reporting of the Disputed PenFed Tradeline and states as follows:

### I. PRELIMINARY STATEMENT

This Motion concerns Defendant Experian Information Solutions, Inc.'s ("Experian") continued reporting of a disputed PenFed tradeline despite alleged deletion instructions issued by the furnisher and despite the apparent removal of the same tradeline by the other nationwide consumer reporting agencies.

Plaintiff contends that PenFed and/or its authorized representative First Capital Group instructed the nationwide consumer reporting agencies to delete the disputed tradeline on or about March 4, 2026. Plaintiff further contends that Equifax Information Services LLC ("Equifax") and Trans Union LLC ("TransUnion") subsequently removed the tradeline, while Experian continued reporting it.

Plaintiff possesses recorded statements from a First Capital Group representative indicating that PenFed requested deletion of the tradeline from the credit bureaus, as well as written communications allegedly reflecting notice to Experian.

Plaintiff does not request adjudication of ultimate liability through this Motion. Rather, Plaintiff seeks limited relief directed to the continued reporting discrepancy, including clarification regarding Experian's handling of the alleged deletion request and limited discovery concerning the processing of the disputed tradeline.

II. FACTUAL BACKGROUND

Plaintiff is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), **15 U.S.C. § 1681a(c).**

Experian is a consumer reporting agency as defined by **15 U.S.C. § 1681a(f).**

Plaintiff disputed the accuracy and continued reporting of a PenFed tradeline appearing on his consumer reports.

Plaintiff contends that on or about March 4, 2026, PenFed and/or its authorized representative First Capital Group transmitted instructions directing the nationwide consumer reporting agencies to delete the disputed tradeline.

Plaintiff further contends that Equifax and TransUnion subsequently removed the disputed tradeline from his consumer reports.

According to Plaintiff, however, Experian continued to report the disputed tradeline after the alleged deletion instruction.

Plaintiff possesses recorded statements from a PenFed representative stating, in relevant part:

"We asked the credit bureaus to delete it from your credit."

Plaintiff further alleges that he possesses written communications reflecting notice to Experian concerning the deletion request.

III. ARGUMENT

A. The Alleged Chronology Raises a Material Factual Issue Under **15 U.S.C. §§ 1681e(b)** and **1681i**

The FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" of consumer reports. **15 U.S.C. § 1681e(b).**

The Eleventh Circuit has recognized that information may be inaccurate not only when it is literally false, but also when it is materially misleading in a manner expected to adversely affect credit decisions. **Erickson v. First Advantage Background Servs. Corp., 981 F.3d 1246 (11th Cir. 2020).**

If PenFed directed deletion of the tradeline and Experian nonetheless continued reporting the tradeline after receiving notice of the alleged deletion request, that sequence bears directly on whether Experian's continued reporting remained accurate and whether its procedures were reasonable under the FCRA.

The alleged chronology also presents substantial factual questions concerning:

a. Experian's processing of furnisher deletion instructions;

b. the adequacy of Experian's reinvestigation procedures;

c. whether any suppression, deletion, reinsertion, or internal coding activity occurred with respect to the tradeline; and

d. the basis for Experian's continued publication of the disputed account after the alleged deletion instruction.

B. The Alleged Continued Reporting Supports Limited Discovery Under **15 U.S.C. § 1681i**

Section **1681i(a)** requires a consumer reporting agency to conduct a reasonable reinvestigation when a consumer disputes the completeness or accuracy of information contained in the consumer's file.

The Eleventh Circuit has further held that a consumer need not prove third-party publication to recover actual damages arising from a violation of **§ 1681i(a)**. **Collins v. Experian Info. Sols., Inc., 775 F.3d 1330 (11th Cir. 2015).**

Accordingly, Plaintiff respectfully submits that limited discovery is appropriate concerning:

a. Experian's receipt and processing of any furnisher deletion instructions;

b. any ACDV, AUD, suppression, deletion, reinsertion, or internal dispute-processing records associated with the tradeline;

c. the chronology of Experian's reinvestigation activities; and

d. the basis for continued reporting of the tradeline following the alleged deletion request.

C. Plaintiff Seeks Narrow and Procedural Relief

Plaintiff does not seek summary adjudication through this Motion.

Rather, Plaintiff requests limited procedural relief directed solely to the ongoing reporting discrepancy and the preservation and disclosure of records relevant to Experian's handling of the disputed tradeline.

IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Direct Defendant Experian Information Solutions, Inc. to provide a written response explaining the basis for continued reporting of the disputed PenFed tradeline following the alleged March 4, 2026 deletion instruction;

B. Permit limited expedited discovery concerning Experian's receipt, processing, handling, suppression, deletion, reinsertion, and reinvestigation activity associated with the disputed tradeline;

C. Direct preservation of all records, logs, ACDVs, AUDs, dispute histories, suppression records, deletion records, reinsertion records, and internal communications relating to the disputed tradeline; and

D. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Johnny Moore
Plaintiff, Pro Se

LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), Plaintiff Johnny Moore certifies that he made a good-faith effort to resolve the issues raised in Plaintiff's Motion for Limited Relief Regarding Continued Reporting of the Disputed PenFed Tradeline without Court intervention.

Plaintiff transmitted written correspondence concerning the disputed PenFed tradeline and the related reporting issues to counsel of record for Defendant Experian Information Solutions, Inc., requesting clarification regarding Experian's continued reporting of the tradeline following the alleged deletion instruction issued by the furnisher.

Given the recent substitution and/or appearance of additional counsel for Experian, Plaintiff has been unable to obtain clarification sufficient to resolve the disputed issues without judicial intervention.

Accordingly, Plaintiff respectfully submits that good-faith efforts to resolve the matter without motion practice have been attempted but were unsuccessful.

Respectfully submitted,

Johnny Moore
Plaintiff, Pro Se