FILED BY_____D.C.

JUN 11 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-21595-SINGHAL/TORRES**

JOHNNY MOORE,
Plaintiff,

V.


EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION LLC, and
EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendants.

_____/

## PLAINTIFF'S MOTION FOR LIMITED CLASS DISCOVERY
## AND FOR ENTRY OF A RULE 23 SCHEDULING ORDER

Plaintiff Johnny Moore, proceeding pro se, respectfully moves this Court for limited class discovery and for entry of a scheduling order governing class certification proceedings pursuant to Federal Rule of Civil Procedure 23. In support thereof, Plaintiff states as follows:

### INTRODUCTION

This action concerns Defendants' allegedly inaccurate consumer-reporting practices and the manner in which those practices were implemented through common data sources, ingestion processes, mapping systems, synchronization protocols, update procedures, and reinvestigation workflows.

Plaintiff seeks limited discovery necessary to determine whether the challenged conduct affected a sufficiently numerous group of consumers, whether the claims present common questions capable of classwide proof, whether Plaintiff's claims are typical of the proposed class, and whether class treatment is superior to individual adjudication.

Plaintiff further seeks narrowly tailored discovery, to the extent maintained in the ordinary course of business, concerning whether the challenged reporting practices disproportionately affected consumers in protected classes, including Black and Hispanic consumers. Plaintiff does not ask the Court to presume discriminatory intent or resolve any such issue on conjecture.

Rather, Plaintiff seeks discovery necessary to determine whether the factual record supports a class definition, subclass structure, or other Rule 23 framework consistent with the evidence.

## FACTUAL BACKGROUND

On August 7, 2025, Plaintiff traveled to the Seminole County Clerk of Court and the St. Lucie County Clerk of Court to investigate why a matter associated with a decades-old traffic citation was allegedly appearing within modern consumer-reporting systems as a criminal-history classification.

Plaintiff was informed that the underlying traffic citation from approximately 2003 had been destroyed in or around 2010 pursuant to applicable records-retention and destruction procedures.

Plaintiff further contends that county personnel advised him that the issue appeared broader than an isolated file and may have affected additional consumers beyond Plaintiff individually.

Plaintiff additionally alleges that, during his investigation, he was informed that he possessed no criminal record within Seminole County associated with the challenged reporting activity.

On or about June 5, 2026, Plaintiff returned to the St. Lucie County Clerk of Court and was further informed that the issue was allegedly widespread and had reportedly generated substantial public inquiry activity.

Plaintiff further contends that county personnel described the issue as involving a system process that improperly converted civil matters into criminal-history classifications within reporting systems.

Plaintiff additionally contends that a deputy clerk indicated that Defendants were aware of reporting irregularities associated with the challenged data but did not disclose the mechanism through which the allegedly erroneous reporting occurred.

Plaintiff alleges that the challenged reporting issue arose from one or more common ingestion, coding, mapping, synchronization, update, deletion, or reinvestigation processes rather than from isolated consumer-specific events.

The scope of the affected consumer population, the mechanics of the challenged reporting process, the identity of the source data, and whether the issue disproportionately affected protected groups are facts largely within Defendants' possession and control and are central to Rule 23 issues including numerosity, commonality, predominance, subclassing, and adequacy.

Without targeted discovery, Plaintiff cannot meaningfully determine whether a class definition is appropriate, whether subclasses are required, or whether classwide proof is feasible.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 23 requires a plaintiff seeking class certification to establish numerosity, commonality, typicality, and adequacy under Rule 23(a), and to satisfy one of Rule 23(b)'s additional requirements. Fed. R. Civ. P. 23(a), (b).

The Supreme Court has made clear that a party seeking class certification must "affirmatively demonstrate" compliance with Rule 23 and that certification requires a "rigorous analysis" that may overlap with merits-related issues where necessary to resolve certification questions. See Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350–51 (2011); Comcast Corp. v. Behrend, 569 U.S. 27, 33–34 (2013); Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160–61 (1982).

Discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which permits discovery regarding nonprivileged matters relevant to any party's claim or defense and proportional to the needs of the case.

Courts routinely permit targeted class-related discovery where the requested information bears directly on Rule 23 issues and remains primarily within the possession and control of the opposing parties.

**ARGUMENT**

**I. Limited Class Discovery Is Necessary To Evaluate Rule 23 Issues**

Plaintiff cannot meaningfully evaluate or present Rule 23 issues without discovery concerning the scope of the challenged reporting practice, the number of potentially affected consumers, the identity of the underlying data sources and systems, and the manner in which the challenged information was ingested, coded, mapped, synchronized, updated, suppressed, deleted, or reinvestigated.

Those issues are central to numerosity, commonality, predominance, and classwide proof. The relevant information is largely within Defendants' exclusive possession and control.

**II. The Requested Discovery Is Narrowly Tailored And Proportional**

Plaintiff does not seek open-ended merits discovery. Rather, Plaintiff seeks limited discovery concerning:

a. the source data feeds, ingestion systems, synchronization protocols, and reporting workflows used for the challenged reporting practices;

b. audit logs, update logs, deletion logs, correction logs, exception-processing records, and related audit-trail materials concerning the challenged reporting activity;

c. internal communications, incident reports, escalation records, complaint logs, and corrective-action materials relating to the challenged reporting issues;

d. records sufficient to identify the number of consumers whose reports reflected the same or substantially similar reporting issues;

e. records sufficient to determine whether Florida consumers were affected through common reporting processes; and

f. to the extent maintained in the ordinary course of business, demographic-impact information relevant to subclassing, adequacy, predominance, or class structure.

This discovery is limited by subject matter, temporal scope, and purpose and is proportional to the needs of the case.

### III. Demographic-Impact Discovery May Be Relevant To Subclassing And Rule 23 Structure

Plaintiff does not assert a free-standing discrimination claim based upon conjecture.

However, if Defendants maintain information reflecting that the challenged reporting practices disproportionately affected consumers in protected classes, such information may bear directly on subclassing, adequacy, predominance, or the propriety of class definitions under Rule 23.

Plaintiff therefore seeks discovery concerning such information only to the extent it exists within Defendants' ordinary business records and can be produced without undue burden or invasion of privacy.

### IV. A Rule 23 Scheduling Order Will Promote Judicial Economy

This matter is currently proceeding through active discovery and pretrial litigation. Entry of a Rule 23 scheduling framework will assist the Court and the parties in efficiently addressing threshold certification-related issues while avoiding piecemeal motion practice.

Plaintiff therefore respectfully requests entry of a scheduling order establishing deadlines for:

a. completion of limited class discovery;

b. filing of any motion for class certification;

c. Defendants' response deadlines;

d. Plaintiff's reply deadline; and

e. such additional case-management provisions as the Court deems appropriate.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

A. permitting limited class discovery concerning the categories identified herein;

B. directing Defendants to produce responsive, nonprivileged materials within a reasonable time;

C. entering a Rule 23 scheduling order governing class discovery and any motion for class certification; and

D. granting such other and further relief as the Court deems just and proper.

Dated: June 11th, 2026

Respectfully submitted,

/s/ Johnny Moore

Johnny Moore, Pro Se