FILED BY _____ D.C.

JUN 11 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-21595-CIV-SINGHAL/TORRES

JOHNNY MOORE,
Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,
TRANS UNION LLC, and
EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendants.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LIMITED RELIEF REGARDING CONTINUED REPORTING OF THE DISPUTED CHASE TRADELINE

Plaintiff, Johnny Moore, proceeding pro se, respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Limited Relief Regarding Continued Reporting of the Disputed Chase Tradeline and states as follows:

### I. PRELIMINARY STATEMENT

Plaintiff respectfully moves for limited relief concerning the continued reporting of a disputed Chase tradeline by Defendants Equifax Information Services LLC ("Equifax") and Trans Union LLC ("TransUnion").

According to Plaintiff's consumer reporting records, the disputed Chase tradeline was scheduled for deletion in or around April 2026. Plaintiff further alleges that Experian Information Solutions, Inc. subsequently removed the tradeline from Plaintiff's consumer file, while Equifax and TransUnion have continued publishing the derogatory account despite the prior deletion-related reporting reflected within Plaintiff's records.

These facts raise substantial issues concerning the accuracy of Defendants' reporting procedures, the handling of deletion or suppression events, and the adequacy of Defendants' reinvestigation procedures under the Fair Credit Reporting Act ("FCRA"), including 15 U.S.C. §§ 1681e(b) and 1681i.

### II. FACTUAL BACKGROUND

1. Plaintiff is a consumer as defined by the FCRA.
2. Defendants Equifax and TransUnion are consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).
3. Plaintiff disputed the accuracy and reporting status of a Chase tradeline appearing on his consumer reports.
4. Plaintiff possesses consumer reporting records reflecting that the disputed Chase tradeline was scheduled for deletion in or around April 2026.
5. Plaintiff further alleges that Experian subsequently removed the tradeline from Plaintiff's consumer report.
6. Despite the deletion-related reporting reflected within Plaintiff's records and Experian's removal of the tradeline, Equifax and TransUnion allegedly continued publishing the disputed derogatory tradeline.
7. Plaintiff contends that the continued reporting of the tradeline creates substantial factual questions concerning the handling of deletion instructions, suppression procedures, synchronization of reporting updates, and the adequacy of Defendants' reinvestigation procedures.

## III. ARGUMENT

A. The Continued Reporting of the Chase Tradeline Raises Material Accuracy Issues Under 15 U.S.C. § 1681e(b)

The FCRA requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of information contained in consumer reports. 15 U.S.C. § 1681e(b).

The Eleventh Circuit has recognized that information may be inaccurate not only when it is patently false, but also when it is misleading in a manner expected to adversely affect credit decisions. Erickson v. First Advantage Background Servs. Corp., 981 F.3d 1246 (11th Cir. 2020).

Here, Plaintiff alleges that one nationwide consumer reporting agency removed the disputed tradeline following a deletion-related reporting event, while Equifax and TransUnion continued publishing the derogatory account. This chronology raises substantial factual questions regarding the reliability and consistency of Defendants' reporting procedures and update-processing systems.

B. The Alleged Continued Reporting Supports Additional Inquiry Under 15 U.S.C. § 1681i

Section 1681i(a) requires consumer reporting agencies to conduct reasonable reinvestigations upon receipt of disputes concerning the accuracy of information contained within a consumer's file.

Plaintiff alleges that Equifax and TransUnion continued reporting the disputed Chase tradeline despite information indicating that the account was scheduled for deletion and despite subsequent removal by Experian.

These facts warrant additional inquiry into:

a. whether Equifax and TransUnion received deletion, suppression, or update instructions concerning the tradeline;

b. whether any reinsertion, synchronization, or suppression failures occurred;

c. the manner in which Defendants processed update information relating to the tradeline; and

d. the adequacy of Defendants' reinvestigation procedures and internal reporting controls.

C. Plaintiff Seeks Limited Relief

Plaintiff does not presently request final adjudication regarding liability. Rather, Plaintiff seeks limited relief directed toward clarification of the continued reporting issue and preservation of relevant records concerning the disputed Chase tradeline.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Require Defendants Equifax Information Services LLC and Trans Union LLC to provide written clarification concerning the basis for continued reporting of the disputed Chase tradeline;
2. Require preservation of all records, audit trails, Metro 2 records, ACDVs, AUDs, dispute histories, deletion records, suppression records, reinsertion records, update-processing records, and related communications concerning the tradeline; and
3. Grant such other and further relief as the Court deems just and proper.

Dated: June 10th, 2026

Respectfully submitted,

Johnny Moore
Plaintiff, Pro Se

LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3) of the United States District Court for the Southern District of Florida, Plaintiff certifies that he has conferred, or attempted to confer, with counsel for

Defendants Equifax Information Services LLC and Trans Union LLC in a good-faith effort to resolve the issues raised in Plaintiff's Motion for Limited Relief Regarding Continued Reporting of the Disputed Chase Tradeline.

Specifically, on or about June June 9th, 2026, Plaintiff transmitted written correspondence to counsel regarding the continued reporting of the disputed Chase tradeline, the alleged April 2026 deletion-related reporting event, and related concerns involving reinvestigation procedures, suppression procedures, update processing, and continued publication of the tradeline.

In that correspondence, Plaintiff requested clarification regarding the basis for continued reporting, preservation of relevant records, and voluntary review of the disputed tradeline in an effort to avoid unnecessary motion practice.

As of the filing of the Motion, the parties have been unable to resolve the issues raised therein.

Respectfully submitted,

Johnny Moore
Plaintiff, Pro Se