FILED BY _____ D.C.

JUN 15 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-21595-SINGHAL/TORRES

JOHNNY MOORE,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

Defendants.

## PLAINTIFF'S MOTION TO ENFORCE APRIL 28, 2026 DISCOVERY DIRECTIVE, COMPEL PRODUCTION OF THIRD-PARTY SUBPOENA RESPONSES, AND FOR SANCTIONS

Plaintiff Johnny Moore, proceeding pro se, respectfully moves the Court to enforce its April 28, 2026 discovery directive, compel immediate production of outstanding third-party subpoena responses, and impose appropriate sanctions for failure to comply with the Court's directive.

## I. THE COURT'S APRIL 28, 2026 DIRECTIVE

During the April 28, 2026 discovery hearing, Plaintiff specifically raised concerns regarding Defendants obtaining records through subpoenas and failing to provide those records to Plaintiff.

Plaintiff asked:

"But as far as them getting documents via the subpoena, but they don't give them to me. What about that?"

The Court responded:

"I'll include that in the order, anyway, that any subpoenas that are issued must be copied to the other side..."

The Court further stated:

"...and any documentation that is produced to you, you need to turn over to the other side."

The Court concluded:

"Obviously flies both ways."

The Court's directive was clear and unequivocal. Any subpoena production received by one side was required to be provided to the other side.

## II. MULTIPLE SUBPOENA RECIPIENTS HAVE CONFIRMED COMPLIANCE

Following the hearing, Plaintiff contacted numerous subpoena recipients.

Plaintiff was advised that responsive productions had been submitted by, among others:

• JPMorgan Chase Bank;

• Navy Federal Credit Union;

• Security Credit Services;

• U.S. Bank;

• Capital One; and

• Other subpoena recipients.

Despite those representations, Plaintiff has not received complete productions and cannot determine the full scope of materials received by Defendants.

## III. THE PRODUCTIONS APPEAR MATERIALLY INCOMPLETE

The issue is not merely that productions have not been disclosed.

The productions that have been disclosed appear materially incomplete and omit records directly related to the disputed issues in this litigation.

### A. BANK OF AMERICA

Bank of America is central to numerous disputed issues in this action.

However, the production does not appear to contain:

• Records relating to the Montgomery County, Alabama litigation that remained active until dismissal in 2022;

• Documents concerning disputed balances and payment histories between January 2019 and January 2020;

• Original account numbers and predecessor account identifiers;

• Account closure records;

• Account closure dates;

• Sale records;

• Assignment records;

• Repurchase records;

• Ownership transfer records; and

• Documents identifying entities that owned, serviced, collected, litigated, purchased, repurchased, or otherwise exercised rights regarding the accounts.

This omission is particularly significant because Bank of America representatives have recently stated on recorded calls that the accounts were sold shortly after charge-off in 2019.

Yet no corresponding sale or ownership-transfer records appear within the production.

**B. CAPITAL ONE**

Capital One representatives advised Plaintiff that responsive productions included chain-of-title records and documentation identifying entities involved in collection and servicing activities, including Radius Global and other entities.

Those records are highly relevant to ownership, assignment, furnishing authority, and reporting accuracy.

Plaintiff has not received those materials.

**C. CHASE**

The primary disputed period concerning Chase involves reporting, account activity, investigations, and related records between approximately 2018 and 2020.

The disclosed materials do not appear to contain complete records relating to that period.

**D. PENFED**

The PenFed production likewise appears incomplete and does not appear to contain all responsive records requested by subpoena.

## IV. PREJUDICE TO PLAINTIFF

The withheld materials concern the very issues being litigated in this case, including:

- Account ownership;

- Account transfers;

- Debt sales;

- Debt repurchases;

- Chain of title;

- Reporting accuracy;

- Payment histories;

- Charge-off histories;

- Delinquency histories;

- Furnisher investigations;

- Communications with consumer reporting agencies;

- Litigation history; and

- The existence of records Defendants previously claimed did not exist.

Plaintiff cannot adequately prepare for corporate representative depositions, mediation, dispositive motions, or trial while responsive subpoena productions remain undisclosed.

## V. SANCTIONS ARE WARRANTED

The Court specifically addressed subpoena productions during the April 28, 2026 hearing and directed that such materials be exchanged.

To the extent Defendants have received subpoena productions and failed to provide them to Plaintiff, such conduct violates the Court's discovery directive and substantially prejudices Plaintiff's ability to prosecute this action.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enforce its April 28, 2026 discovery directive;

B. Order Defendants, within five (5) days, to produce all materials received from any subpoena recipient in this action;

C. Require Defendants to identify:

1. Every subpoena recipient that has responded;
2. The date each response was received;
3. Whether any responsive materials were withheld;
4. The basis for any withholding;

D. Require Defendants to certify under Rule 26(g) that all subpoena productions have been disclosed to Plaintiff;

E. Award appropriate sanctions for failure to comply with the Court's discovery directive;

F. Extend any discovery deadlines impacted by the delayed production; and

G. Grant such further relief as the Court deems just and proper.

**Respectfully submitted,**

Johnny Moore
Plaintiff, Pro Se

June 15, 2026