**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO: 1:25-CV-21595-AHS**

JOHNNY MOORE, an individual,

      Plaintiff,

    v.

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION,
LLC, EQUIFAX INFORMATION
SERVICES, LLC,

      Defendants.

**DEFENDANTS' JOINTS RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO COMPEL COMPLETE RESPONSES**
**TO PLAINTIFF'S FIRST AND SECOND SET OF INTERROGATORIES**

Defendants Equifax Information Services, LLC, ("Equifax"), Trans Union,

LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian")

(collectively "Defendants") by and through counsel hereby submit this Response in

Opposition to Plaintiff's Motion to Compel Complete Responses to Plaintiff's First

and Second Set of Interrogatories ("Motion") (ECF No. 175), and would respectfully

show the Court as follows:

326603619v.1

## INTRODUCTION

On December 29, 2025, Defendants served their responses and objections to Plaintiff's First Set of Interrogatories ("Interrogatories")[1]. On January 28, 2026, Experian timely responded to Plaintiff's Second Set of Interrogatories. Plaintiff did not file the Motion until June 2, 2026, nearly six months later, despite the requirement of Local Rule 26 to submit a "discovery dispute relating to a written response or objection to a discovery requests . . . within twenty-eight (28) days of service of the written response or objection that is the subject of the dispute[.]" *See* Local Rule 26(g)(2)(A)(i).

In his Motion, Plaintiff requests the Court to "[c]ompel Defendants to provide complete supplemental responses to Plaintiff's First Set of Interrogatories," "[r]equire Defendants to conduct reasonable searches for responsive information," "[o]verrule unsupported boilerplate objections," "[r]equire Defendants to identify responsive personnel, custodians, repositories, and decision-makers," and "[r]equires Defendants to provide responses extending beyond the arbitrarily selected two-year period[.]" ECF No. 175 at p. 5.  However the Motion does not identify a specific interrogatory(ies) that any particular Defendant failed to completely respond to, does not separate any particular Defendant or their respective

---

[1] Although Plaintiff's Motion references a Second Set of Interrogatories in its title, Plaintiff has only served Equifax and Trans Union with one set of Interrogatories in this action.

326603619v.1

objections and responses from any other, and does not specify which interrogatories he is seeking to compel responses to or by which Defendant. *See generally, Id*.

In sum, Plaintiff's Motion is untimely, vague, and lacks merit. Accordingly, Defendants respectfully request that Plaintiff's Motion be denied in its entirety.

## **ARGUMENT**

### **A.    Plaintiff's Motion is Untimely.**

At the outset, Plaintiff's Motion was required to be filed no later than January 26, 2026, twenty-eight (28) days after Defendants served their responses to Plaintiff's Interrogatories.[2] Pursuant to Local Rule 26(g)(2)(B), "[f]ailure to submit a discovery dispute to the Court within the time periods set forth in (A)(i)-(iv), absent a showing of good cause, may, in the Court's discretion, constitute grounds for denial of the requested relief."

For this reason alone, Plaintiff's Motion should be denied as untimely. Beyond that, Plaintiff did not move to compel with respect to Defendants' responses to interrogatories and, even if he had, this Court on February 20, 2026 entered an order denying Plaintiff's prior discovery motions and instructing the parties to serve only Requests for Production. ECF No. 128. Until now, in June, Plaintiff has taken no further action with respect to his interrogatories.

---

[2] Or, as to Experian's Responses to Plaintiff's Second Set of Interrogatories, Plaintiff's Motion was required to be filed no later than February 25, 2026, twenty-eight (28) days after Experian served its response to Plaintiff's Second Set of Interrogatories.

326603619v.1

**B.      Plaintiff's Motion is not Specific as to any Defendant or Interrogatory.**

Beyond its untimeliness, Plaintiff's Motion also fails to specify which interrogatories he is seeking to compel responses to or for which defendant. Plaintiff groups all Defendants together, claiming that they "have collectively served interrogatory responses that are largely comprised of boilerplate objections, generalized relevance objections, blanket statute-of limitations objections, improper Rile 33(d) references, and refusals to conduct reasonable searches for responsive information." ECF No 175, at p. 1. Such a generalization is improper and fails to properly notify Defendants as to Plaintiff's specific issues with its Interrogatory responses.

## CONCLUSION

WHEREFORE, Defendants Equifax Information Services LLC, Trans Union, LLC and Experian Information Solutions, Inc. respectfully requests the Court deny Plaintiff's Motion to Compel in its entirety for the reasons addressed above.

4

326603619v.1

DATED:  June 16, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: _/s/ Paige Vacante_
    Paige Vacante, Bar No. 1019135
    pvacante@seyfarth.com
    SEYFARTH SHAW LLP
    233 South Wacker Drive
    Suite 8000
    Chicago, Illinois  60606-6448
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000

_Counsel for Defendant_
_Equifax Information Services LLC_


VENABLE LLP


By:  _/s/ Monica Diaz_
    Monica Diaz, Bar No. 1069109
    mdiaz@venable.com
    VENABLE LLP
    801 Brickell Ave, Suite 1500
    Miami, FL 33131
    Telephone: 305.349.2300
    Facsimile: 305.349.2301

_Counsel for Defendant_
_Experian Information Solutions, Inc._

5

326603619v.1

BUCHANAN INGERSOLL
& ROONEY P.C.


By:  */s/ Christian C. Kohlsaat*
  Christian C. Kohlsaat
  Bar No. 117795
  christian.kohlsaat@bipc.com
  BUCHANAN INGERSOLL
  & ROONEY P.C.
  2 S. Biscayne Boulevard, Suite 1500
  Miami, Florida  33131
  Telephone: (305) 347-4080


*Counsel for Defendant*
*Trans Union, LLC*

6

326603619v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2026, I presented the foregoing DEFENDANTS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLETE RESPONSES TO PLAINTIFF'S FIRST AND SECOND SET OF INTERROGATORIES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

> Johnny Moore, *plaintiff pro se*
> 13721 Gentle Woods Avenue
> Riverview, Florida  33569

> */s/ Paige Vacante*
> Paige Vacante
> *Counsel for Defendant*
> *Equifax Information Services LLC*

326603619v.1