# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO: 1:25-CV-21595-AHS

JOHNNY MOORE, an individual,

      Plaintiff,

  v.

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION,
LLC, EQUIFAX INFORMATION
SERVICES, LLC,

      Defendants.

## DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' RESPONSES TO REQUESTS FOR ADMISSION AND TO COMPEL AMENDED RESPONSES

Defendants Equifax Information Services, LLC, ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") (collectively "Defendants") by and through counsel hereby submit this Response in Opposition to Plaintiff's Motion To Determine the Sufficiency of Defendants' Responses to Requests for Admission and to Compel Amended Responses ("Motion") (ECF No. 181), and would respectfully show the Court as follows:

## INTRODUCTION

On December 29, 2025, Equifax, Experian, and Trans Union served their responses and objections to Plaintiff's First Requests for Admission and Plaintiff's

326659966v.1

Requests for Admission, Set Two (the "First Requests"), and on February 3, 2026, Equifax, Experian, and Trans Union served their responses and objections to Plaintiff's Second Requests for Admission (the "Second Requests"). Plaintiff did not file the Motion until June 4, 2026, despite the requirement of Local Rule 26 to submit a "discovery dispute relating to a written response or objection to a discovery requests . . . within twenty-eight (28) days of service of the written response or objection that is the subject of the dispute[.]" *See* Local Rule 26(g)(2)(A)(i).

In his Motion, Plaintiff requests the Court to "determine that Defendants' objections and responses are insufficient," "order Defendants to serve amended responses fully complying with Rule 26," and "overrule improper boilerplate vagueness objections directed toward foundational consumer-reporting terminology[.]" ECF No. 181 at p. 4.  However the Motion does not identify any specific Requests the Defendants failed to completely respond to, does not separate any particular Defendant or their respective objections and responses, and does not specify which Requests he is seeking to compel responses to or by which Defendant. *See generally, Id.*

In sum, Plaintiff's Motion is untimely, vague, and lacks merit. Accordingly, Defendants respectfully request that Plaintiff's Motion be denied in its entirety.

2

## ARGUMENT

**A.      Plaintiff's Motion is Untimely.**

At the outset, any motion concerning the First Requests was required to be filed no later than January 26, 2026, twenty-eight (28) days after Defendants served their responses. Likewise, any motion concerning the Second Requests should have been submitted to the Court on or before March 3, 2026. Pursuant to Local Rule 26(g)(2)(B), "[f]ailure to submit a discovery dispute to the Court within the time periods set forth in (A)(i)-(iv), absent a showing of good cause, may, in the Court's discretion, constitute grounds for denial of the requested relief."

For this reason alone, Plaintiff's Motion should be denied as untimely.

**B.      Plaintiff's Motion is not Specific as to any Defendant or Interrogatory.**

Beyond its untimeliness, Plaintiff's Motion also fails to specify which Requests he is seeking to compel responses to or for which defendant. Plaintiff groups all Defendants together, claiming "Defendants repeatedly responses with boilerplate objections asserting that universally recognized industry terms" and they are "incapable of admission or denial despite those concepts being foundational to Defendants' own reporting systems and business operations." ECF No 181, at p. 1. Such a generalization is improper and fails to properly notify Defendants as to Plaintiff's specific issues with their Responses.

3

## CONCLUSION

WHEREFORE, Defendant Equifax Information Services LLC, Trans Union, LLC and Experian Information Solutions, Inc. respectfully request the Court deny Plaintiff's Motion to Compel in its entirety for the reasons addressed above.

DATED: June 18, 2026     Respectfully submitted,

            SEYFARTH SHAW LLP


By: _/s/ Paige Vacante_
  Paige Vacante, Bar No. 1019135
  pvacante@seyfarth.com
  SEYFARTH SHAW LLP
  233 South Wacker Drive
  Suite 8000
  Chicago, Illinois 60606-6448
  Telephone: (312) 460-5000
  Facsimile: (312) 460-7000

_Counsel for Defendant_
_Equifax Information Services LLC_


  -and-

BUCHANAN INGERSOLL & ROONEY PC

By: _/s/ Christian C. Kohlsaat_
  Christian C. Kohlsaat, Esq.
  Florida Bar No. 117795
  christian.kohlsaat@bipc.com
  BUCHANAN INGERSOLL & ROONEY PC
  Truist Place
  401 E. Jackson Street, Suite 2400

4

Tampa, Florida 33602-5236
Telephone: (813) 222-8180
Facsimile: (813) 222-8189

*Counsel for Defendant, TransUnion, LLC*

VENABLE LLP


By: /s/ *Monica Diaz*
Monica Diaz
Florida Bar Number: 1069109
VENABLE LLP
801 Brickell Avenue, Suite 1500
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile:  (305) 349-2310
Mdiaz@Venable.com

*Counsel for Experian Information Solutions, Inc.*

5

326659966v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I presented the foregoing DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' RESPONSES TO REQUESTS FOR ADMISSION AND TO COMPEL AMENDED RESPONSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  A copy has also been sent via U.S. Mail to the following:

> Johnny Moore, *plaintiff pro se*
> 13721 Gentle Woods Avenue
> Riverview, Florida  33569

> */s/ Paige Vacante*
> Paige Vacante
> *Counsel for Defendant*
> *Equifax Information Services LLC*

326659966v.1