

FILED BY____LC____D.C.

JUN 22 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:25-cv-21595-SINGHAL/TORRES

JOHNNY MOORE,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

Defendants.

_____/

## PLAINTIFF'S REPLY TO DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO MOTION TO DETERMINE THE SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSION (ECF NO. 193)

Plaintiff Johnny Moore, proceeding pro se, respectfully submits this Reply to Defendants' Joint Response in Opposition (ECF No. 193) and states as follows:

## I. DEFENDANTS' ASSERTION THAT PLAINTIFF FAILED TO IDENTIFY SPECIFIC REQUESTS IS CONTRADICTED BY THE RECORD

Defendants argue that Plaintiff's Motion should be denied because Plaintiff allegedly "does not identify any specific Requests" and "groups all Defendants together."

The record demonstrates otherwise.

Months before filing the Motion, Plaintiff served individualized Rule 36 deficiency notices upon each Defendant identifying:

(a) the specific Requests for Admission at issue;

(b) the specific deficiencies in the responses;

(c) the applicable provisions of Rule 36(a)(4); and

(d) the specific relief requested.

Specifically:

• On December 29th, 2025, Plaintiff sent Equifax a detailed Rule 36 deficiency notice identifying specific RFAs and explaining why Equifax's repeated reliance upon "reasonable inquiry" responses failed to satisfy Rule 36. (Exhibit A).

• On December 29th, 2025, Plaintiff sent Trans Union a detailed deficiency notice regarding Plaintiff's First Requests for Admission identifying the specific RFAs challenged and the specific defects in Trans Union's responses. (Exhibit B).

• On December 29th, 2025, Plaintiff sent Trans Union a separate deficiency notice regarding Plaintiff's Second Requests for Admission identifying RFAs 1–6 and explaining the deficiencies in Trans Union's responses concerning VantageScore, ownership, control, and document existence. (Exhibit C).

• OnDecember 29th, 2025, Plaintiff sent Experian a detailed Rule 36 deficiency notice identifying RFAs 11–24, 30–33, and 38–43 and explaining the specific deficiencies in Experian's responses. (Exhibit D).

Defendants therefore had actual notice of the precise Requests challenged by Plaintiff long before the filing of the Motion.

## II. DEFENDANTS' OWN CONDUCT CONFIRMS THEY UNDERSTOOD THE DISCOVERY DISPUTES

The correspondence between the parties further demonstrates that Defendants understood the specific discovery disputes at issue.

Experian's counsel acknowledged Plaintiff's meet-and-confer correspondence and represented that Experian would evaluate supplementation of several categories of requested information. (Exhibit E).

Likewise, counsel for Trans Union subsequently requested that Plaintiff identify any Requests, Interrogatories, or Admissions that could potentially be narrowed in an effort to resolve discovery disputes without motion practice. (Exhibit F).

These communications are inconsistent with Defendants' present assertion that Plaintiff failed to identify the Requests at issue.

## III. GOOD CAUSE EXISTS TO CONSIDER THE MOTION

Defendants also argue that the Motion is untimely under Local Rule 26.

However, the record reflects ongoing discovery negotiations, supplemental productions, rolling productions, protective-order litigation, and continuing discussions regarding the sufficiency of discovery responses throughout 2026.

The parties continued exchanging correspondence concerning discovery disputes, supplementation, subpoena productions, and deficiencies well after the original responses were served.

Under Local Rule 26(g)(2)(B), the Court may consider a discovery dispute upon a showing of good cause.

Good cause exists here because:

• Defendants continued supplementing discovery;

• Defendants continued negotiating discovery issues;

• Defendants continued producing documents and subpoena materials;

• Discovery disputes remained active and unresolved throughout the discovery period.

**IV. THE MOTION IDENTIFIES A RULE 36 ISSUE**

The Motion challenges a recurring pattern across Defendants' responses:

• invocation of boilerplate objections;

• repeated reliance upon unspecified "reasonable inquiry" responses;

• failure to explain what inquiry was performed;

• failure to identify what records or systems were reviewed; and

• failure to explain why information allegedly could not be admitted or denied.

These are precisely the issues contemplated by Rule 36(a)(4).

**CONCLUSION**

Defendants' assertion that Plaintiff failed to identify specific Requests is contradicted by the correspondence exchanged between the parties. Plaintiff provided individualized deficiency notices, identified the specific RFAs at issue, explained the specific Rule 36 deficiencies, and requested amended responses before seeking judicial intervention.

For these reasons, Plaintiff respectfully requests that the Court reject Defendants' procedural objections, determine that the challenged responses are insufficient under Rule 36, and grant such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Johnny Moore

Johnny Moore
Plaintiff, Pro Se