FILED BY_____CC_____D.C.

JUN 22 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-21595-SINGHAL/TORRES**

JOHNNY MOORE,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC, et al.,

Defendants.

_____/

**PLAINTIFF'S EXPEDITED MOTION TO REQUIRE EQUIFAX INFORMATION SERVICES LLC**
**TO CLARIFY THE SUPPRESSION OF POSITIVE USAA TRADELINES**

Plaintiff Johnny Moore respectfully moves this Court for an Order requiring Defendant Equifax Information Services LLC ("Equifax") to clarify the suppression, blocking, or non-display of positive USAA tradelines and states as follows:

1. Plaintiff previously maintained multiple positive tradelines furnished by United Services Automobile Association ("USAA"), including a USAA American Express secured credit card account and a USAA automobile loan.
2. The accounts were paid as agreed and constitute positive credit history relevant to Plaintiff's creditworthiness.
3. Plaintiff recently communicated with USAA regarding the reporting status of those accounts.
4. During that communication, Plaintiff was advised that USAA's records reflected that the accounts were being furnished to Equifax.
5. Plaintiff was further advised that Equifax maintained multiple credit files associated with Plaintiff that were subject to fraud-related blocks or restrictions.
6. Plaintiff was advised that those blocks prevented certain USAA tradelines from displaying on Plaintiff's Equifax credit file.
7. Plaintiff was further advised that USAA's records reflected that the accounts were being reported accurately by USAA to the nationwide consumer reporting agencies.
8. Despite the existence of the positive USAA tradelines, the accounts do not appear on Plaintiff's Equifax consumer disclosures and reports in the same manner as they appear with other consumer reporting agencies.
9. Plaintiff is unable to determine from the current record:
   a. Whether Equifax is suppressing, blocking, restricting, or preventing the display of the USAA tradelines;

b. Whether Equifax has applied fraud flags, suppression codes, identity-verification restrictions, or other internal designations affecting the accounts;

c. Whether Equifax maintains multiple files associated with Plaintiff;

d. Whether the tradelines remain present within Equifax's internal systems but are prevented from appearing on Plaintiff's consumer reports and disclosures;

e. The basis for the non-display of the accounts.

10. The existence and reporting status of these positive tradelines are directly relevant to Plaintiff's claims concerning file accuracy, mixed-file issues, identity-association issues, suppression of positive credit history, and the adequacy of Equifax's reinvestigation procedures.

WHEREFORE, Plaintiff respectfully requests that this Court order Equifax Information Services LLC, within seven (7) days, to:

A. State whether any USAA tradelines associated with Plaintiff have been blocked, suppressed, restricted, hidden, or prevented from displaying on Plaintiff's Equifax file;

B. State whether any fraud flag, identity-verification flag, suppression code, or similar designation has been applied to Plaintiff's file affecting those tradelines;

C. State whether Equifax maintains multiple consumer files associated with Plaintiff;

D. State whether the affected tradelines continue to be furnished by USAA;

E. State whether the tradelines remain present within Equifax's internal systems;

F. State the basis for the non-display of the accounts on Plaintiff's Equifax consumer file; and

G. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Johnny Moore

Johnny Moore
Plaintiff, Pro Se

Dated: June 22, 2026

LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), Plaintiff certifies that he made a good-faith effort to resolve the issues raised in this Motion without Court intervention.

On June 21st, 2026, Plaintiff transmitted correspondence to counsel for Defendant Equifax Information Services LLC concerning the suppression, blocking, or non-display of positive USAA tradelines associated with Plaintiff's consumer file. Plaintiff requested clarification concerning the existence of any fraud-related blocks, suppression codes, identity-verification restrictions, multiple-file issues, and the basis for the non-display of the accounts.

Despite Plaintiff's good-faith efforts, the parties were unable to resolve the issue without judicial intervention.

Respectfully submitted,

/s/ Johnny Moore

Johnny Moore