UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-21595-CIV-SINGHAL/TORRES

JOHNNY MOORE,

     Plaintiff,

v.

EQUIFAX INFORMATION
SOLUTIONS, INC., TRANS UNION,
LLC, and EQUIFAX INFORMATION
SERVICES, LLC,

     Defendants.

_____/

## PROTECTIVE ORDER[1]

Pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown, the Court enters this Protective Order to limit the disclosure and use of confidential and sensitive information produced during discovery in this action.

WHEREAS, documents and information have been and may be sought, produced, or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology, or other proprietary information belonging to the Defendant, and/or personal income, credit and other confidential information of Plaintiff.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the parties shall comply with the following terms regarding confidential information:

---

[1] This Protective Order is entered as edited by United States Magistrate Judge Edwin G. Torres, other than one stylistic edit made by this Court.  Judge Torres's draft is found as an attachment to (DE [155]).

1.      This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.      Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or in the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.      All deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than thirty (30) days after the transcript is made available, within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  A party may only designate deposition testimony as confidential after a good faith review of the transcript and a supportable determination that the information warrants a confidential designation.

4.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall seek leave to file them with the Clerk of Court under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

5.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects, or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6.      Except with the prior written consent of the individual or entity designating a document or portion of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including, but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employes  of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; retained expert witnesses, subject to such witnesses' execution of the Exhibit A Declaration of Compliance attached hereto; and (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure).

7.      All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  Al persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information, or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8.      Nothing in this Order shall prevent a party from using at trial any information or materials designated as "Confidential."

9.      This Order has been entered to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10.     Within sixty (60) days after the final termination of this litigation, including any appellate proceedings, and upon request by the Producing Party, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries, or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party, and all other copies, including electronic copies, shall be destroyed.

11.     In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.  During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

13.     The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 22nd day of June 2026.

_____

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

5