

FILED BY_____CC_____D.C.

JUN 25 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-21595-SINGHAL/TORRES

JOHNNY MOORE,
Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC, et al.,
Defendants.

_____/

## PLAINTIFF'S STATUS REPORT REGARDING OUTSTANDING DISCOVERY, PENDING MOTIONS, TOLLING ISSUES, AND REQUEST FOR ZOOM DISCOVERY CONFERENCE

Plaintiff Johnny Moore, proceeding pro se, respectfully submits this Status Report and advises the Court as follows:

**1. Prior Request for Discovery Conference**

On June 4, 2026, Plaintiff filed a Motion for Telephonic Discovery Conference Pursuant to Local Rule 26.1 and Request for Judicial Supervision of Discovery Scheduling Issues (ECF No. 180).

The response deadline for ECF No. 180 expired on June 18, 2026.

Plaintiff files this Status Report to update the Court regarding the current posture of discovery and to advise that substantial discovery and reporting issues remain unresolved.

**2. Pending Discovery Motions and Reporting Disputes**

Since the filing of ECF No. 180, Plaintiff has filed several narrowly tailored motions seeking clarification concerning specific reporting, suppression, deletion, and file-management issues, including:

- Continued reporting of the Chase tradeline (ECF No. 195);
- Continued reporting of the PenFed tradeline (ECF No. 196);
- Reporting status of Bank of America account ending in 5785 (ECF Nos. 197 and 198);
- Continued reporting of the Skopos Financial tradeline (ECF No. 199);

- Suppression and non-display of positive USAA tradelines (ECF No. 200).

Plaintiff also filed supplemental evidence and supplemental authority in support of Plaintiff's Motion for Limited Class Discovery and for Entry of a Rule 23 Scheduling Order (ECF No. 201).

### 3. Outstanding Discovery Issues

Despite extensive discovery efforts by all parties, significant disputes remain concerning:

- Requests for Admission;
- Requests for Production;
- Interrogatory responses;
- Third-party subpoena compliance;
- Reporting discrepancies among the nationwide consumer reporting agencies;
- Mixed-file and file-fragmentation issues;
- Historical reporting records;
- Deletion and reinsertion issues;
- Suppression of positive tradelines; and
- Preservation and production of electronically stored information.

Plaintiff believes many of these disputes may be narrowed or resolved through direct discussion among the parties.

### 4. Tolling and Temporal Scope of Discovery Remain Disputed

A substantial dispute also remains regarding the applicable temporal scope of discovery and the effect of tolling principles under the Fair Credit Reporting Act.

Plaintiff's position is that numerous events, disputes, reporting activities, reinvestigations, deletions, reinsertions, suppression events, and related conduct occurring prior to April 2023 remain relevant to claims and defenses presently before the Court.

Plaintiff further maintains that the factual circumstances giving rise to this litigation extend back several years and that discovery concerning those events is necessary to understand the origin, development, and continuation of the challenged reporting practices.

Defendants have repeatedly asserted positions seeking to limit discovery and factual inquiry to a narrower period preceding the filing of this action. Plaintiff respectfully maintains that these issues remain disputed and have not been adjudicated by the Court.

Accordingly, Plaintiff expressly reserves all rights concerning tolling, discovery, amendment, preservation, and claims arising from conduct occurring from 2018 through the present,

including matters revealed through ongoing discovery, subpoena responses, third-party productions, public-record investigations, and supplemental disclosures.

## 5. Request for Zoom Discovery Conference

Plaintiff further advises the Court that, consistent with the Court's prior directives encouraging the parties to confer regarding discovery disputes, Plaintiff has requested a Zoom conference with counsel in an effort to resolve outstanding issues without additional motion practice.

Plaintiff remains willing to participate in a Zoom conference at the earliest convenience of counsel and respectfully believes that a brief Court-supervised or Court-directed Zoom conference would substantially assist the parties in narrowing disputes, clarifying discovery obligations, and reducing unnecessary motion practice.

## 6. Conclusion

Plaintiff respectfully submits this Status Report to advise the Court that discovery-related disputes remain active, that tolling and temporal-scope issues remain contested, and that Plaintiff continues to make good-faith efforts to comply with the Court's directives and resolve disputes without unnecessary judicial intervention.

**WHEREFORE**, Plaintiff respectfully requests that the Court take notice of this Status Report and grant such further relief as the Court deems just and proper.

Dated: June 25, 2026

Respectfully submitted,

/s/ Johnny Moore

**Johnny Moore, Pro Se**