

FILED BY_____ D.C.

JUN 25 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

### CASE NO.: 1:25-cv-21595-SINGHAL

JOHNNY MOORE,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT ON-SITE INSPECTION OF DEFENDANT EQUIFAX'S DATA AND OPERATION FACILITIES PURSUANT TO FED. R. CIV. P. 34(a)(2)

Pursuant to Federal Rule of Civil Procedure 34(a)(2), Plaintiff Johnny Moore (*"Plaintiff"*) respectfully moves this Court for an Order granting leave to conduct an on-site inspection of the data processing facilities, terminal architectures, and operational centers operated or utilized by Defendant Equifax Information Services, LLC (*"Equifax"*). In support thereof, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT & BASIS FOR RELIEF

This is an action brought under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., arising from Equifax's systematic failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's consumer credit file, and its failure to conduct a lawful reinvestigation of disputed, suppressed, and split-file data.

Federal Rule of Civil Procedure 34(a)(2) explicitly permits a party to request entry onto an opposing party's designated property or land to "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."

For over a year, Equifax has continuously withheld critical internal system reports, suppression data, Automated Credit Dispute Verifications (ACDVs), and file-management metrics under the guise of technical formatting limitations or alleged proprietary secrecy. Now that the Court has entered the Confidentiality and Protective Order (ECF No. 202), Equifax's primary defense

against transparency has been eliminated. To verify the operational mechanisms, split-file parameters, and automated suppression systems applied specifically to Plaintiff's consumer profile, an on-site inspection of Equifax's operational protocol and terminal data entry environment is strictly necessary.

## II. RELEVANT LEGAL STANDARD

Under Fed. R. Civ. P. 34(a)(2), entry and inspection are proper when the "operation" or physical system of a defendant is directly tied to the core discovery issues of the litigation. While on-site inspections of electronic storage networks and corporate operations are strictly governed, they are routinely granted where a corporate defendant represents that it cannot or will not produce accurate, native representations of internal records through standard production, or where the "reasonable procedures" mandated by 15 U.S.C. § 1681e(b) must be tested empirically.

## III. ARGUMENTS IN SUPPORT OF INSPECTION

### A. Direct Relevance to Equifax's "Reasonable Procedures" Defense

Under the FCRA, Equifax bears the burden of demonstrating that its automated and manual dispute handling systems constitute "reasonable procedures." Plaintiff has alleged severe systemic errors, including the presence of multiple conflicting consumer profiles, masked data blocks, and split-file architecture. An inspection of the terminal interfaces, data-entry logs, and actual software configurations used by Equifax's dispute handlers is the only mechanism by which Plaintiff can objectively test whether Equifax's operational reality matches its statutory mandates.

### B. Conventional Discovery Has Failed to Produce Native, Transparent Records

Equifax has consistently failed to provide complete, unredacted, consumer-disclosure histories in their native digital environment, instead rendering fragmented text files or asserting that internal suppression logs cannot be printed or cleanly exported. An on-site inspection allows for the direct observation of how Plaintiff's data displays to terminal operators, how suppression codes are triggered within the system, and how Metro 2 data packets are processed in real time.

### C. The Court's Protective Order Fully Safeguards Equifax's Proprietary Concerns

To the extent that Equifax will argue an on-site inspection threatens proprietary system secrets or source configurations, ECF No. 202 provides an absolute safeguard. Any observation, testing data, or photographic capture of system terminals during the inspection can immediately be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the existing framework.

## IV. PROPOSED SCOPE OF INSPECTION

To minimize any operational disruption to Equifax, Plaintiff proposes the inspection be limited to the following narrow parameters:

1. **Location:** Equifax's primary data management and dispute consumer operations terminal centers (or a mutually designated corporate interface facility).
2. **Duration:** Not to exceed one (1) business day (8 hours total).
3. Permitted Activity: Observation and testing of data-retrieval procedures using Plaintiff's specific identifiers (SSN, Full Name, DOB); verification of how split files or suppression codes appear dynamically on user screens; and inspection of manual dispute queue routing protocols.

## V. LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), Plaintiff certifies that he has conferred in good faith with active counsel for Defendant Equifax regarding the relief sought herein. Counsel has objected and refused to consent to an on-site inspection, thereby necessitating judicial intervention.

**WHEREFORE,** Plaintiff Johnny Moore respectfully requests that this Court enter an Order granting leave to conduct the on-site inspection of Equifax's data facilities under specified protective parameters, and granting any further relief this Court deems just and proper.

Dated: June 24, 2026

Respectfully submitted,

Johnny Moore, *Plaintiff Pro Se*