FILED BY_____ _LC_____D.C.

JUN 25 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

### CASE NO.: 1:25-cv-21595-SINGHAL

JOHNNY MOORE,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT ON-SITE INSPECTION OF DEFENDANT EXPERIAN'S DATA AND OPERATION FACILITIES PURSUANT TO FED. R. CIV. P. 34(a)(2)

Pursuant to Federal Rule of Civil Procedure 34(a)(2), Plaintiff Johnny Moore (*"Plaintiff"*) respectfully moves this Court for an Order granting leave to conduct an on-site inspection of the data storage networks, operational processing systems, and terminal environments operated or utilized by Defendant Experian Information Solutions, Inc. (*"Experian"*). In support thereof, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT & BASIS FOR RELIEF

This action is brought under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., arising out of Experian's ongoing failure to implement and maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's consumer credit file, and its failure to properly reinvestigate severe anomalies including masked data, file suppressions, and split consumer profiles.

Federal Rule of Civil Procedure 34(a)(2) explicitly authorizes a party to request entry onto an opposing party's designated property to "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."

Prior defense counsel for Experian explicitly conditioned the production of critical internal records—specifically consumer inquiry information and file suppression reports—on the entry of an appropriate confidentiality order. Now that this Court has signed and entered the

Confidentiality and Protective Order (ECF No. 202), Experian's stated prerequisites for transparency have been fulfilled. Because Experian's internal systems remain structurally hidden from standard discovery methods, an on-site inspection of its data interfaces and operational terminals is necessary to verify the state of Plaintiff's consumer data.

## II. RELEVANT LEGAL STANDARD

Under Fed. R. Civ. P. 34(a)(2), physical entry and operational inspection are authorized when a party's internal data systems and corporate mechanics are directly relevant to the core issues of the litigation. Where a Credit Reporting Agency (CRA) asserts that its electronic data workflows comply with the statutory mandates of 15 U.S.C. § 1681e(b), an empirical inspection is appropriate to test those assertions, particularly when conventional document production has failed to yield complete, native records.

## III. ARGUMENTS IN SUPPORT OF INSPECTION

### A. Direct Relevance to Experian's Express Discovery Representations

Experian previously asserted in written correspondence to Plaintiff that it was willing to produce reports showing file suppressions and detailed inquiry information "upon entry of an appropriate confidentiality order." The entry of ECF No. 202 removes this barrier. An on-site inspection allows for the immediate, empirical verification of these exact suppression systems, ensuring that the internal codes, fraud blocks, and inquiry trackers impacting Plaintiff's profile are inspected in their native operating environment.

### B. The Inadequacy of Static Paper and Redacted PDF Production

Experian's standard discovery responses have consisted of fragmented, static printouts that fail to show the underlying database architecture or the automated rules governing Plaintiff's information. A physical inspection of the terminal displays allows Plaintiff to observe exactly how an Experian data analyst views his file, how cross-profile metadata is linked, and how incoming automated dispute codes are routed through Experian's software.

### C. Full Protection of Experian's Proprietary Interests via ECF No. 202

Experian cannot credibly argue that an on-site inspection threatens its proprietary trade secrets or system integrity. The Court's active Protective Order (ECF No. 202) provides an ironclad framework. Any terminal captures, screenshots, notes, or operational procedures logged during the on-site inspection can immediately be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," completely preventing public disclosure while ensuring a transparent discovery process.

## IV. PROPOSED SCOPE OF INSPECTION

To prevent any undue burden or disruption to Experian's daily corporate functions, Plaintiff proposes the inspection be restricted to the following narrow boundaries:

1. **Location:** Experian's primary consumer data processing hub, operations center, or a mutually designated corporate terminal interface facility.
2. **Duration:** Limited to one (1) business day, not to exceed eight (8) total hours.
3. **Permitted Activity:** Direct observation of database query processes utilizing Plaintiff's specific identifiers (SSN, Name, DOB); technical examination of how file suppression flags and inquiry logs display dynamically to operators; and inspection of manual queue handling procedures.

## V. LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), Plaintiff certifies that he has conferred in good faith with active counsel for Defendant Experian regarding the discovery relief sought herein. Counsel has objected and refused to consent to an on-site inspection, making judicial intervention necessary.

**WHEREFORE,** Plaintiff Johnny Moore respectfully requests that this Court enter an Order granting leave to conduct the on-site inspection of Experian's operational data facilities under the established protective parameters, alongside any further relief this Court deems just and proper.

Dated: June 24, 2026

Respectfully submitted,

Johnny Moore, *Plaintiff Pro Se*