

FILED BY_____*LC*_____D.C.

JUN 25 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

### CASE NO. 1:25-cv-21595-SINGHAL/TORRES

JOHNNY MOORE,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

Defendants.

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO ECF NO. 188

Plaintiff Johnny Moore (*"Plaintiff"*), proceeding *pro se*, respectfully files this Opposition to Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion for Limited Class Discovery and for Entry of a Rule 23 Scheduling Order (ECF No. 188). In support thereof, Plaintiff states as follows:

1.  On June 11, 2026, Plaintiff filed his Motion for Limited Class Discovery (ECF No. 188). Defendants' response is due on or about June 25, 2026.
2.  On the eve of the response deadline, Monica Diaz, Esq., counsel for Defendants, contacted Plaintiff via email requesting a 15-day extension of time to respond to ECF No. 188.
3.  Plaintiff immediately responded in writing with high professional courtesy, explicitly stating that his position was not personal. However, as a matter of necessary case progression, Plaintiff informed defense counsel that he would consider the 15-day extension *only if* Defendants agreed to an immediate Zoom meet-and-confer this week to address a severe backlog of completely ignored discovery obligations—namely, **outstanding deposition scheduling, mediation coordination, and the production of responsive paper/hard-copy records.** (See Plaintiff's Written Email Response, attached hereto as **Exhibit A**).

4. Rather than cooperating or setting a Zoom conference to resolve these stale discovery disputes, Defendants summarily rejected Plaintiff's good-faith compromise and elected to consume judicial resources by filing their Motion for Extension of Time.

5. Professional courtesy under the Local Rules of the Southern District of Florida is a reciprocal obligation; it is not a tool to be leveraged exclusively by corporate defense firms to delay a *pro se* litigant's progression while simultaneously stonewalling basic discovery mechanisms.

6. The substance of ECF No. 188 introduces no novel concepts. Corporate procedural operations, public-record reporting metrics, and e-OSCAR data-source architectures have been actively litigated for months. Defendants have ample internal infrastructure and legal resources to meet their standard response deadlines.

7. Granting an unconditional 15-day delay to Defendants while they actively refuse to coordinate depositions, finalize mediation dates, or deliver physical hard-copy responsive documents severely prejudices Plaintiff and unnecessarily stalls this Court's active discovery tracking schedule.

**WHEREFORE,** Plaintiff Johnny Moore respectfully requests that this Court **DENY** Defendants' Motion for Extension of Time, or in the alternative, condition any minimal extension upon Defendants immediately providing dates certain for depositions, mediation, and outstanding document productions within forty-eight (48) hours.

Dated: June 24, 2026

Respectfully submitted,

Johnny Moore