UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 1:25-CV-21595-AHS

JOHNNY MOORE, an individual,

      Plaintiff,

  v.

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION,
LLC, EQUIFAX INFORMATION
SERVICES, LLC,

      Defendants.

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED CLASS DISCOVERY AND FOR ENTRY OF A RULE 23 SCHEDULING ORDER**

Defendants, Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") (collectively "Defendants") by and through undersigned counsel hereby respond in opposition to Plaintiff's Motion for Class Certification (the "Motion") (ECF No. 188).

## I.     INTRODUCTION

On April 7, 2025, Plaintiff, proceeding *pro se,* filed his initial Complaint alleging violations of the Fair Credit Reporting Act ("FCRA") (ECF No. 1). Plaintiff filed his First Amended Complaint on October 29, 2025 (ECF No. 97).  On June 11,

326785445v.1

2026, Plaintiff filed the Motion. In the Motion, Plaintiff seeks entry of a Rule 23 class action lawsuit scheduling order and an order allowing Plaintiff to conduct class discovery in order to determine "whether class treatment is superior to individual adjudication." *See* ECF 188 at p.1. However, Plaintiff cannot prosecute a class action on a *pro se* basis.

## II.   ARGUMENT AND AUTHORITIES

The Eleventh Circuit has made it clear that a non-lawyer proceeding on a *pro se* basis may not represent the interests of others. *Lyons v. Kroger Co.*, 2023 U.S. Dist. LEXIS 240299, *3 (N.D. GA Nov. 30, 2023). "The right to appear pro se . . . is limited to parties conducting their own cases, and does not extend to non-attorney parties representing the interests of others." *Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 636 (11th Cir. 2018) (quoting *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015)) (internal quotation marks omitted); see also *Bass v. Benton*, 408 F. App'x 298, 298 (11th Cir. 2011) ("We have interpreted 28 U.S.C. § 1654, the general provision permitting parties [*4] to proceed pro se, as providing 'a personal right that does not extend to the representation of the interests of others.'") (quoting *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)); see also *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) ("It is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); see also *Real v. Mission*, No. 214-cv-729-FtM-38MRM, 2015 U.S. Dist.

2

326785445v.1

LEXIS 108814, 2015 WL 4935627, at *5 (M.D. Fla. Aug. 18, 2015) ("a pro se litigant cannot prosecute a class action in this Court").

Here, Plaintiff is proceeding *pro se*. Plaintiff has requested the Court allow him to conduct class-related discovery. However, Plaintiff filed his Complaint and First Amended Complaint without representation. Though Plaintiff is entitled to represent himself in this case, he is not qualified to represent the interests of others. See *Timson.* Since Plaintiff is proceeding *pro se* in this action, it is inappropriate for him to conduct class discovery, and it is inappropriate for a class to be certified under his representation.

## III.   CONCLUSION

Based on the foregoing, Defendants respectfully request the Court deny Plaintiff's Motion.

3

DATED:  June 25, 2026          Respectfully submitted,

                               SEYFARTH SHAW LLP


                               By:  /s/ Paige Vacante
                                    Paige Vacante, Bar No. 1019135
                                    pvacante@seyfarth.com
                                    SEYFARTH SHAW LLP
                                    233 South Wacker Drive
                                    Suite 8000
                                    Chicago, Illinois  60606-6448
                                    Telephone:  (312) 460-5000
                                    Facsimile:  (312) 460-7000

                               *Counsel for Defendant*
                               *Equifax Information Services LLC*


                               By: /s/ Christian C. Kohlsaatt
                                    Christian C. Kohlsaat, Esq.
                                    Florida Bar No. 117795
                                    christian.kohlsaat@bipc.com
                                    **BUCHANAN INGERSOLL & ROONEY PC**
                                    Truist Place
                                    401 E. Jackson Street, Suite 2400
                                    Tampa, Florida 33602-5236
                                    Telephone: (813) 222-8180
                                    Facsimile: (813) 222-8189

                               *Counsel for Defendant TransUnion, LLC*

4

326785445v.1

By: */s/ Monica Diaz*
Monica Diaz, Esq.
Florida Bar No. 1069109
Mdiaz@Venable.com
Venable LLP
801 Brickell Avenue, Suite 1500
Miami, Florida 33131
Telephone: 305.349.2300


*Counsel for Experian Information Solutions, Inc.*

326785445v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, I presented the foregoing DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED CLASS DISCOVERY AND FOR ENTRY OF A RULE 23 SCHEDULING ORDER with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  A copy has also been sent via U.S. Mail to the following:

> Johnny Moore, *plaintiff pro se*
> 13721 Gentle Woods Avenue
> Riverview, Florida  33569

> */s/ Paige Vacante*
> Paige Vacante
> *Counsel for Defendant*
> *Equifax Information Services LLC*

326785445v.1