UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-cv-21595-SINGHAL/TORRES

JOHNNY MOORE,

     Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

     Defendants.

                              /

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S OMNIBUS OPPOSITION TO PLAINTIFF'S EXPEDITED MOTIONS [DE 196, 198, 199]

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits this Omnibus Opposition to the following Expedited Motions filed by Plaintiff Johnny Moore:(1) Plaintiff's Expedited Motion to Require Experian to Clarify its Continued Reporting of the Penfed Tradeline ("Penfed Motion," [DE 196]); (2) Plaintiff's Expedited Motion to Compel Experian to Clarify Reporting Status and Source of Bank of America Account Ending in 5785 ("BOA Motion," [DE198]), and (3) Plaintiff's Expedited Motion to Require Experian to Show Cause Regarding its Continued Reporting of the Skopos Financial Tradeline ("Skopos Motion," [DE 199] (the Penfed Motion, the BOA Motion and the Skopos Motion are hereinafter collectively referred to as the "Expedited Motions"), all filed on June 22, 2026. Each of the Expedited Motions seeks extraordinary relief not authorized by law and otherwise outside established discovery practice and procedures and should be denied.

## INTRODUCTION

On June 22, 2026, Plaintiff filed three nearly identical Expedited Motions seeking to compel Experian to "clarify" or "show cause" regarding the reporting of three tradelines: the

PenFed tradeline [DE 196], the Bank of America account ending in 5785 [DE 198], and the Skopos Financial tradeline [DE 199]. The Expedited Motions are procedurally improper, substantively meritless, and should be denied in their entirety.

Each motion suffers from the same fundamental defects: (1) they seek  relief outside the proper procedural mechanisms established by the Federal Rules of Civil Procedure and the Local Rules of this Court; (2) they improperly attempt to shift burdens of proof and litigation obligations to Experian; (3) they fail to demonstrate any entitlement to expedited or extraordinary relief; and (4) they improperly seek to use the Court's contempt and show-cause powers.

## ARGUMENT

### I.  PLAINTIFF'S MOTIONS ARE PROCEDURALLY IMPROPER AND SHOULD BE DENIED

#### A.  The Motions Circumvent Established Discovery Procedures

Plaintiff's Expedited Motions are styled as motions to "clarify" or "show cause," but they are, in substance, improper discovery requests dressed in procedural clothing. Each motion seeks detailed information about Experian's reporting practices, internal records, and data sources—outside of the discovery process authorized by the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure provide specific mechanisms for obtaining discovery, including interrogatories (Rule 33), requests for production (Rule 34), and requests for admission (Rule 36). These rules also provide specific procedures for compelling discovery when a party fails to respond or provides inadequate responses. See Fed. R. Civ. P. 37. Plaintiff cannot circumvent these established procedures by instead filing a "motion to clarify" or "motion to show cause."

The Local Rules of the for the Southern District of Florida reinforce the procedural requirements under the Federal Rules. Local Rule 26.1 governs discovery procedures, and Local

2

Rule 7.1 requires that discovery motions comply with specific conferral and procedural requirements. Plaintiff's Expedited Motions fail to comply with these requirements in several respects.

First, Plaintiff has not demonstrated that he served proper discovery requests seeking the information he now demands. If Plaintiff seeks information about certain tradelines, the proper procedure is to serve interrogatories, requests for production, or requests for admission — not to file motions demanding that Experian "clarify" its positions or "show cause."

Second, to the extent Plaintiff contends that Experian failed to adequately respond to discovery, the proper remedy is not a "motion to clarify reporting status" or to "compel an order to show cause regarding Experian's continued reporting" of these items.

Finally, notwithstanding Plaintiff's certificates of conferral on the Expedited Motions, Plaintiff failed to meaningfully confer with opposing counsel regarding these motions. Plaintiff sent counsel an e-mail threatening a motion with regard to the Bank of America account [DE 198] on Sunday, June 21, 2026 at 8:40 a.m. Notably, the email did not mention the Penfed or Skopos accounts. Moreover, the Sunday email demanded a response in 24 hours. Plaintiff did not even provide one business day to respond to the request to confer on the Bank of America account (not to mention that one business day is not a reasonable time to require a response). The Skopos Motion and the Penfed Motion [DE 196, 199] were not even mentioned in the Sunday e-mail. As such, Plaintiff's email certainly does not comply with the conferral requirement of L.R. 7.1.

### B.      Plaintiff Has No Basis for Expedited Relief

Each of Plaintiff's motions is styled as "expedited," yet Plaintiff provides no legal or factual basis for such extraordinary treatment. Expedited relief requires an expedited ruling and "*must set forth in detail* the date by which an expedited ruling is needed and *the reasons the ruling*

*is needed* by the stated date." L.R. S.D. Fla. 7.1(d)(2) (emphasis added). Plaintiff has not demonstrated any such circumstances here, and the reason for this simple—because there is no basis for expedited relief

The information Plaintiff seeks concerns historical reporting decisions and internal Experian processes. There is no emergency requiring a seven-day response.

### C. "Show Cause" Relief Is Inappropriate and Unavailable

The Skopos Motion [DE 199] seeks an order requiring Experian to Show Cause why Experian continues to report the Skopos Financial tradeline. This request fundamentally misconstrues the nature of show cause proceedings and improperly invokes the Court's contempt powers.

An order to show cause is typically used to initiate contempt proceedings or to address potential violations of court orders. There is no court order requiring Experian to delete the Skopos Financial tradeline, and there is no basis to suggest that Experian is in contempt of any court order. Plaintiff cannot use show cause procedures to compel Experian to justify routine business practices that are the subject of the underlying litigation.

Moreover, the fact that other consumer reporting agencies may have deleted a tradeline does not obligate Experian to do the same. *See De Koning v. Trans Union LLC*, No. 25-cv-23331, 2026 LX 65622, at *8 (S.D. Fla. Feb. 13, 2026) ("Inconsistent information across three credit reports indicates not an objectively verifiable error, but rather a dispute about which version is correct.") Each consumer reporting agency independently evaluates information provided by furnishers and makes independent determinations regarding the accuracy and reportability of tradeline information. The FCRA does not require uniformity among consumer reporting agencies. *See* 15 U.S.C. § 1681e(b) (requiring reasonable procedures to assure maximum possible accuracy, not identical reporting across agencies).

## II.   PLAINTIFF'S MOTIONS IMPROPERLY SEEK TO SHIFT THE BURDEN OF PROOF

Perhaps most importantly, each of Plaintiff's Expedited Motions seeks to compel Experian to "clarify" its positions or "show cause" for its reporting decisions without filing a dispositive motion.  Plaintiff effectively requests that the Court adjudicate dispositive issues absent a properly filed dispositive motion or a trial.

Under the FCRA, Plaintiff bears the burden of proving that: (1) the reported information was inaccurate; (2) Experian failed to follow reasonable procedures to assure maximum possible accuracy; and (3) Plaintiff suffered damages as a result. *See Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991*); Losch v. Nationstar Mortg. LLC,* 995 F.3d 937, 944 (11th Cir. 2021). Experian is not required to preemptively justify its reporting decisions or prove the negative—that its procedures were reasonable and its reporting was accurate. Rather than satisfying Plaintiff's own burden of proof, the Expedited Motions improperly seek to shift that burden to Experian by requiring Experian to disprove Plaintiff's claims. This approach is contrary to the clear and unequivocal requirements of the FCRA.

## III.   RESPONSES TO PLAINTIFF'S SPECIFIC CONTENTIONS

Notwithstanding that Plaintiff's Expedited Motions are all procedurally improper and should be denied on that basis alone, each of the Expedited Motions lacks merit.

### A.   The PenFed Motion [DE 196]

Plaintiff's Penfed Motion [DE 196] seeks that Experian clarify its continued reporting of the Penfed tradeline, by indicating whether, among other things, the tradeline currently appears on Plaintiff's consumer file, whether Experian received notice of any deletion requests, and whether the tradeline is accurate and has been property verified. Not only is the motion based on speculation and unverified hearsay, but the relief Plaintiff seeks is nothing more than a discovery request.

Moreover, the FCRA does not require consumer reporting agencies to delete tradelines simply because a consumer disputes them or because other agencies have chosen to delete them. Under Section 1681i, a consumer reporting agency must conduct a reasonable reinvestigation when a consumer disputes information. If the reinvestigation results in verification of the disputed information, the agency is entitled to continue reporting it. *See* 15 U.S.C. § 1681i(a)(5)(A). Experian reports tradeline information based on data furnished by creditors. If PenFed or its representative wished to delete the tradeline, the proper procedure is for the furnisher to transmit a deletion request through established data reporting channels. Plaintiff's speculation about what a furnisher representative may have stated does not obligate Experian to delete or explain its reporting of the account.

Plaintiff's request is therefore improper and the Penfed Motion must therefore be denied.

**B.      The Bank of America Motion [DE 198]**

Plaintiff's BOA Motion  [DE 198] also lacks merit because there is no legal basis to compel Experian to "clarify" its reporting status with regard to the Bank of America account. That notwithstanding, Plaintiff speculates that the account's appearance on his credit file in April 2026 may have been the result of "file-matching, identity-association, or mixed-file event," but provides no evidence to support his speculation.

The mere fact that an account appeared on a consumer's file at a particular time does not, standing alone, establish any FCRA violation. Credit information is furnished to consumer reporting agencies on an ongoing basis, and the timing of when information appears on a consumer's file can be affected by numerous factors, including when a furnisher reports information, data processing timelines, and file update schedules.

Plaintiff's BOA Motion demands that Experian produce "all ACDVs, AUDs, dispute

6

records, source-event records, Metro 2 records, furnishing records, reinsertion records, suppression records, audit logs, and internal notes relating to the account." These documents must be pursued through proper discovery channels, and not through a "motion to clarify status."

### C.    The Skopos Motion [DE 199]

The Skopos Motion seeks an order requiring Experian to show cause regarding its continued reporting of the Skopos Financial Tradeline.  [DE 199] The sole basis for the motion is that because Equifax and Trans Union have deleted the Skopos tradeline, Experian must do the same. This premise is legally flawed.

As noted above, the FCRA does not require uniformity among consumer reporting agencies. Each agency independently receives, processes, and reports information from furnishers. The fact that one agency deleted a tradeline does not establish that the tradeline is inaccurate or that another agency's continued reporting violates the FCRA. *See Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016) (noting that consumer reporting agencies independently evaluate information and make independent verification decisions).

Plaintiff does not allege in the Skopos Motion that the Skopos Financial tradeline is inaccurate. Instead, Plaintiff merely questions why Experian continues to report it when other agencies do not. This is not a valid basis for relief under the FCRA or any other legal theory, and certainly not a basis to require Experian to "show cause" why it continues to report this tradeline.

The Skopos Motion must therefore be denied.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant Experian Information Solutions, Inc. respectfully requests that the Court deny Plaintiff's Expedited Motion to Require Experian to Clarify its Continued Reporting of the PenFed Tradeline [DE 196], Plaintiff's Expedited Motion to Compel

Experian to Clarify Reporting Status and Source of Bank of America Account Ending in 5785 [DE 198], and Plaintiff's Expedited Motion to Require Experian to Show Cause Regarding its Continued Reporting of the Skopos Financial Tradeline [DE 199].

Respectfully submitted,

Venable LLP
*Counsel for Defendant Experian Information Solutions, Inc.*
801 Brickell Avenue, Suite 1500
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By: */s/ Monica Diaz*
Monica Diaz
Florida Bar No: 1069109

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Monica Diaz*
Monica Diaz