UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-cv-21595-SINGHAL/TORRES

JOHNNY MOORE,

      Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

      Defendants.

_____/

### DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR LEAVE TO CONDUCT ON-SITE INSPECTIONS OF DATA AND OPERATION FACILITIES

Defendant Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union), and Equifax Information Services LLC ("Equifax") (collectively "CRA Defendants") file this Joint Response in Opposition to Plaintiff Johnny Moore's ("Plaintiff") Motions for Leave to Conduct On-Site Inspection of Data and Operation Facilities (the "Motions"). [DE 205, 206, 207]. For the reasons set forth below, the Motions should be denied.

### INTRODUCTION

This action arises out of Plaintiff's claims that three credit reporting agencies ("CRAs") allegedly violated FCRA because of information contained on Plaintiff's credit report that Plaintiff contends is inaccurate, and whether the CRA Defendants properly investigated the claims.

Plaintiff propounded discovery in connection with his claims. Because he is apparently not satisfied with the CRA Defendants responses to the discovery requests, Plaintiff has filed motions requesting the extraordinary relief of "leave to conduct an on-site inspection" of "core data processing architecture," "data processing centers," "data storage networks," operating processing

systems," "terminal architecture," "terminal environments," "database terminal networks," and "operational centers" depending on the particular CRA defendant. *See, e.g.,* [DE 205, 206, 207]. Plaintiff seeks this extraordinary relief because he claims that "[CRA Defendant] standard discovery responses have consisted of fragmented, static printouts that fail to show the underlying database architecture or the automated rules governing Plaintiff's information." *See, e.g.,* [DE 205, 206, 207]

If Plaintiff is not satisfied with the CRA Defendants' discovery responses, the Federal Rules of Civil Procedure do not authorize on-site inspections and analysis of the CRA Defendants' operational processing systems; rather the Federal Rules of Civil Procedure authorize the filing of motions to compel (which Plaintiff has already filed).

Moreover, the CRA Defendants' confidential and proprietary operational processing systems and data storage networks are not relevant to the determination as to whether the CRA Defendants properly included information on Plaintiff's credit report and whether CRA Defendants properly reinvestigated Plaintiff's claims.

The Motions (which are procedurally improper and do not even comply with Rule 34's requirements) are yet another example of Plaintiff's abusive litigation tactics and pattern of vexatious conduct and should be denied.

## MEMORANDUM OF LAW

### I.     The Motions Should be Denied Because They Are Irrelevant and Disproportional to the Case

Federal Rule of Civil Procedure 34(a)(2) permits a party to request entry onto designated land or other property possessed or controlled by the responding party "so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34. Rule 34 only authorizes entry onto another's property if

2

requested discovery falls "within the scope of Rule 26(b)," and is "*relevant* to any party's claim or defense" and *proportional* to the needs of the case. *See Walker v. Credit Prot. Ass'n, LP,* 309 F.R.D. 668, 671 (M.D. Fla. 2015) (denying motion to compel inspection of a call center because relevance was marginal, travel would be required, and defendant's system and software contained non-public information of third parties). Courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Moreover, the Court "must limit the frequency or extent of discovery otherwise allowed… if it determines that: (i) the discovery sought is unreasonably cumulative, duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *Thelen v. Somatics, LLC*, No. 8:20-cv-1724-TPB-JSS, 2022 U.S. Dist. LEXIS 146584, at *4 (M.D. Fla. Aug. 16, 2022) (denying plaintiff's motion to compel entry to inspect defendant's property).

Plaintiff's Motions must be denied for several reasons. First, the alleged basis for Plaintiff's Motions are that the CRA Defendants' document production is insufficient. For example, "Experian's standard discovery responses have consisted of fragmented, static printouts." [DE 207]. That is not a basis for this extraordinary relief.  If Plaintiff believes that the CRA Defendants' document production is not responsive to his document requests, the correct way to address this is through a motion to compel. Indeed, Plaintiff already has four motions to compel pending. [DE 190, 191, 197, 198].

Second, the inspection is not necessary to resolve the issues in this case and is neither relevant nor proportional to the needs of the case.  *See, e.g.*, *Sunz Ins. Sols. v. Fleet Driver Serv.*,

3

No. 8:19-cv-2638-T-30SPF, 2020 U.S. Dist. LEXIS 149943, at *5 (M.D. Fla. May 26, 2020) (granting defendant's motion for protective order where inspection of premises for current operations was of minimal relevance and not proportional to the needs of the case). Here, CRA Defendants' operational facilities are not the issue in this case—the issue is whether CRA Defendants violated the FCRA with its reporting and reinvestigation of Plaintiff's disputes.

In., the Eleventh Circuit held that "Rule 34(a) does not grant unrestricted, direct access to a respondent's database compilations." *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003). Instead, Rule 34(a) allows a requesting party to inspect and copy "the product—whether it be a document, disk, or other device—resulting from the respondent's translation of the data into a reasonably usable form." *Id*. The responding party retains control over the search and production process, and the district court must "protect respondent with respect to preservation of his records, confidentiality of nondiscoverable matters, and costs." *Id.*

Here, Plaintiff seeks to bypass this framework by demanding physical entry into CRA Defendant's facilities and direct access to operational systems. This demand contravenes the established rule that the responding party—not the requesting party—conducts the search of its own records and databases, and that the Plaintiff is not entitled to request the "product" of those searches. See *In re Ford Motor Co.,* 345 F.3d at 1316.  Plaintiff has not demonstrated any improper conduct by Defendants that would justify departing from the ordinary Rule 34 process.

Plaintiff's Motions serve only to annoy, embarrass, oppress, and unduly burden CRA Defendants. Therefore, the relevance of the requested inspections is outweighed by the burden imposed.

Plaintiff can obtain the relevant discovery he seeks through more convenient, less burdensome, and less expensive sources. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *Thelen*, 2022 U.S. Dist. LEXIS 146584, at *4 (denying plaintiff's motion to compel entry upon defendant's land).

Finally, the inspection will not lead to any relevant discovery that is not already being provided through less intrusive means. The CRA Defendants have already produced relevant documents and electronically stored information in a reasonably usable form. Plaintiff has not shown that CRA Defendant's' production is inadequate or that CRA Defendants have engaged in spoliation, obstruction, or other misconduct. Absent such a showing, Plaintiff is not entitled to direct access to CRA Defendants' systems.

## II.      Plaintiff's Motion is Not Properly Before the Court

Federal Rule 34 governs several categories of requests, including a request to permit entry onto designated land or other property. *See* Fed. R. Civ. P. 34(a)(2). The Rule outlines the procedure for such a request, including the mandatory contents of the request, plus the timeframe and manner for a response to a request. *See* Fed. R. Civ. P. 34(b).

Even is Plaintiff's request was proper under Rule 34 (which it is not),  Plaintiff did not serve a request that is required by and complies with Rule 34(a)(2), which mandates that a party must respond within thirty days, including describing with reasonable particularity each item or category of items to be inspected; specifying a reasonable time, place, and matter for the inspection; and specifying the form or forms in which electronically stored information is to be produced. Fed. R. Civ. P. 34(b)(1)-(2).   The only document relating to this extraordinary request is the subject Motion filed by Plaintiff.

Moreover, contrary to Plaintiff's Local Rule 7.1(a)(3) certification in the Motion, Plaintiff did not confer with CRA Defendants' current counsel regarding this extraordinary request.

## CONCLUSION

WHEREFORE, Defendants respectfully requests that the Court deny Plaintiff's Motions, and award Defendants' their attorney's fees for having to prepare this Response.

5

Respectfully submitted,

VENABLE LLP
*Counsel for Defendant Experian Information Solutions, Inc.*
801 Brickell Avenue, Suite 1500
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310


By: */s/ Monica Diaz*
      Monica Diaz
      Florida Bar No: 1069109



SEYFARTH SHAW LLP

By: */s/ Paige Vacante*
      Paige Vacante, Bar No. 1019135
      pvacante@seyfarth.com
      SEYFARTH SHAW LLP
      233 South Wacker Drive
      Suite 8000
      Chicago, Illinois  60606-6448
      Telephone: (312) 460-5000
      Facsimile: (312) 460-7000

*Counsel for Defendant*
*Equifax Information Services LLC*



BUCHANAN INGERSOLL & ROONEY PC

By: */s/ Christian C. Kohlsaat*
      Christian C. Kohlsaat, Esq.
      Florida Bar No. 117795
      christian.kohlsaat@bipc.com
      Truist Place
      401 E. Jackson Street, Suite 2400
      Tampa, Florida 33602-5236
      Telephone: (813) 222-8180
      Facsimile: (813) 222-8189

*Counsel for Defendant TransUnion, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 9th day of July, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Monica Diaz*
Monica Diaz
